## J. W. McIntire v. J. R. Lucker et al.

### No. 6552.

77  259
36a 192

1. **Public Roads—Injunction.**—An injunction lies to restrain an overseer of a road from opening a public road across the plaintiff's land, which has been located by order of the Commissioners Court without notice to plaintiff by the freeholders appointed to assess damages incident to the opening of the road, if damage results from the establishment of such road.

2. **Waiver.**—An appearance of the owner of the land before the Commissioners Court to ask compensation for his damage is not a waiver of his right to enjoin the overseer, if damage has been sustained.

3. **Commissioners Court—Jurisdiction.**—The Commissioners Court can not exercise jurisdiction to open a road through the owner's land until after he has received notice from the jury of freeholders appointed to lay out the same of the time when they will proceed to lay out the same and assess damages incident thereto.

Error from Wilson. Tried below before Hon. George McCormick. The opinion states the case.

*L. S. Lawhon* and *J. B. Polly,* for plaintiff in error.

*T. W. Hawkinson,* for defendants in error.

Acker, Presiding Judge. — The Commissioners Court of Wilson County appointed a jury of freeholders to locate a second class road and "assess the damages incidental to the opening of the same." Without notice to him the jury met and located the road along the line of J. A. McIntire's land so as to appropriate about 15 feet by 912 varas of his land, for which the jury awarded him no damages. McIntire appeared before the Commissioners Court, protested against the report of the jury and its approval, and urged his claim for $100 damages. The court made an order approving the report of the jury and directing the road to be opened. McIntire gave notice of appeal from this order, but did not perfect the appeal. He afterwards brought this suit to restrain Lucker, the overseer of the road, and the members of the Commissioners Court from opening the road, but did not sue to recover damages.

A preliminary injunction was issued, which upon trial without a jury was dissolved and judgment rendered that plaintiff take nothing by his suit and pay all costs. The case is here by writ of error.

The statutes providing for the establishment of public roads rest upon the right of eminent domain and the well established doctrine that the individual interest and will of the citizen must yield to the necessities and convenience of the public.

In authorizing the appropriation of individual property for the public use, the Constitution and laws have prescribed certain conditions and procedure which must be strictly observed and performed.

Article 4370 of the Revised Statutes, as amended by the Act of the Legislature of February 5, 1884, provides that the jury of freeholders appointed to lay out a new road "shall issue a notice in writing to the land owner through whose land such proposed roadway runs, or to his agent or attorney, of the time when they will proceed to lay out such road, or when they will assess the damages incidental to the opening of the same, which notice shall be served upon owner, his agent or attorney, at least five days before the day therein named."

The service of this notice in the manner required by this statute is indispensable to the exercise of jurisdiction by the Commissioners Court. It is a jurisdictional fact which must be affirmatively shown to sustain the jurisdiction of the Commissioners Court in making an order establishing and directing that a public road be opened on the land of a citizen. Without proper service of such notice the action of the jury of freeholders and the order of the Commissioners Court are nullities. The Constitution and statutes also prescribe as a condition precedent to appropriating the citizen's land to the uses of a public road that he shall be paid the damages he sustains by such appropriation. It appears from the trial court's findings of fact that the jury of freeholders did not give the plaintiff the notice required by the statute, and also that plaintiff had sustained damages to the amount of $25. The court found as a conclusion of law that the plaintiff's appearance before the Commissioners Court was a waiver of notice from the jury.

It is evident from the conclusions expressed in this opinion that the court erred in its conclusion of law and in rendering judgment against the plaintiff.

We are of opinion that the judgment of the court below should be reversed and judgment rendered here perpetuating the injunction and in favor of plaintiff in error for all costs.

*Reversed and rendered.*

Adopted May 13, 1890.