## Johann G. Vogt v. Bexar County et al.

### No. 86.

1. **Pleading — Exception.**—In an action of trespass to try title against a county, an answer of the defendant simply alleged that the premises sued for existed in the limits of the county as duly established roads, without allegation of any proceedings in the Commissioners Court relative to them; a special exception to the answer for not setting out fully the proceedings, was assuming something that did not appear, and was properly overruled. The exception should have been to the answer, for not setting out how the roads became public.

2. **Same—Evidence.**—The defendants were not restricted to showing by their answer that the roads were established by proceedings in the Commissioners Court, but could show that they were established by grant, prescription, dedication, limitation, or in any other lawful way.

3. **Due Process of Law.**—The taking by the Commissioners Court of a citizen's land for road purposes, without notice to him, and granting him compensation therefor, is not due process of law as guaranteed by the Constitution to every citizen before his property is appropriated to public use.

4. **Jurisdiction — Commissioners Court—Order Laying out and Opening Public Roads.**—The Commissioners Court in its orders laying out and opening public roads must comply strictly with the statutes relative thereto. Thus the service of notice on the person over whose land the proposed road is to run, as required by article 4370, Revised Statutes, is indispensable, in order for the court to obtain jurisdiction, and the fact of service must appear affirmatively of record, or the orders laying out and opening the road are void.

Error from Bexar. Tried below before Hon. George H. Noonan.

*George C. Altgelt*, for plaintiff in error.— 1. The defendants, claiming a road over the land, were required to allege the establishment of such road in a legal manner, by alleging the facts and proceedings that resulted in the establishment of a road by order, if any. Davidson's case, 26 Texas Cr. App., 336; Floyd v. Turner, 23 Texas, 294; Mitchell v. Runkle, 25 Texas Supp., 136; Thatcher v. Powell, 6 Wheat., 119.

2. The orders and proceedings of the County Commissioners Court, purporting to establish the several roads claimed, should not have been admitted in evidence, because the opening and laying out of a public road over a citizen's land was a special proceeding under the statute, and it had not been shown that the law had been complied with, in that, among other things, it was not shown thereby that plaintiff was served with process, or was ever compensated for the injury to his land. Evans v. Land Co., 81 Texas, 622; Hamilton v. Ward, 4 Texas, 356; Freem. on Judg., sec. 517.

*Otto Staffel*, for defendants in error.— 1. There are no allegations in defendants' answer as to any proceedings had in the County Commissioners Court. It is sufficient, in pleading a public highway, to allege that it is a common highway, without showing how it became so. Crayton v. Munger, 9 Texas, 293; Hays v. Bonner, 14 Texas, 631; Aspindall v. Brown, 3 Durnf. & East, 265; Bolt v. Stennet, 8 Durnf. & East, 606; Chit. Plead., 1116–1118.

2. Orders and judgments of inferior courts, when apparently within the ordinary scope of their power and jurisdiction, are not void for the reason that they do not show affirmatively all the facts necessary to have given the court jurisdiction. Wilkerson v. Schoonmaker, 77 Texas, 615; Guilford v. Love, 49 Texas, 715; Bumpas v. Fischer, 21 Texas, 567.

NEILL, Associate Justice.—The plaintiff in error brought this action in the form of trespass to try title and for damages to 727½ acres of land situated in Bexar County, on the Medina River, the damages claimed being laid at $1000.

The defendants answered by a general denial, and a disclaimer of any interest in the land sued for, except three strips, respectively of 37, 20, and 40 feet wide, running through the land, which they averred were at the time, and were since the supposed unlawful entry, trespasses, and wrongs alleged in plaintiff's petition, public property which existed and now exists within the limits of Bexar County as public roads and highways, which were known as the Benton City road, the Frio County road, and the Bywaters road; and that the defendant Mann was the duly appointed road overseer of

the two latter before and at the time of said supposed wrongful entry and trespasses; and Mann's entry was justified on the ground that he was a resident citizen of Bexar County, and such entry made in the exercise of his rights as such citizen, and in the lawful discharge of his duty as road overseer of the two last named roads. It was also alleged in said answer, that if the defendant Bexar County at any time entered upon any of the land in controversy, such entry was made in the lawful exercise of its general control and superintendence of said public roads.

The plaintiff, in his supplemental petition, excepted to defendant's answer, on the following grounds, viz.:

1. Because it does not set out with sufficient certainty the proceeding had in the County Commissioners Court, in that it does not appear that a jury of view was appointed as required by law.

2. It does not appear from said alleged proceedings that plaintiff was in any manner compensated for damage done to his land.

3. Because the statute vesting the power in the county commissioners to condemn private property for public use as a road is unconstitutional.

These exceptions were all overruled by the court.

Certain orders of the County Commissioners Court in relation to the laying out and establishment of the roads, which are referred to in our conclusions of fact, were read in evidence from the minutes of said court, to which plaintiff objected, and moved the court to exclude, upon grounds as follows:

"1. Because it was not shown that the jurisdiction of said court ever attached, in that there was no petition of freeholders before said court, and it did not appear that any notice of the application for the opening of said several roads had ever been given; and because, if the said roads crossed plaintiff's land, no provision was made to compensate plaintiff for the injury to the land.

"2. Because the opening and laying out of a public road over a citizen's land was a special proceeding under the statute, and it had not been shown that the law had been complied with.

"3. Because it was not shown that the commissioners that laid off the road were sworn.

"4. Because it was not shown that plaintiff was served with process, or was ever compensated for the injury to his land.

"5. Because the proceedings are void for uncertainty, in this, that the location of the road can not be determined therefrom."

The case was tried by the court without a jury, and judgment rendered on defendants' disclaimer in favor of plaintiff for the land, subject to the right of Bexar County to the roadways over it; from which judgment the writ of error was sued out.

The errors assigned relate to the action of the court in overruling plaintiff's special exceptions to defendants' answer, to the admission of the

minutes of the Commissioners Court in relation to the laying out and establishment of said roads, and to the sufficiency of the testimony to support the judgment.

*Conclusions of Fact.*—1.　The plaintiff is the owner of the land sued for.

2.　On August 12, 1887, the County Commissioners Court of Bexar County appointed a jury of view to lay out and mark the road from the Frio City to the Quintana road, but it does not appear from the record that the members of the jury appointed were freeholders of Bexar County; which road was by said jury laid out through the premises of plaintiff, as shown by their report filed in the County Commissioners Court of Bexar County on the 17th day of October, 1887.

3.　On the 17th day of November, 1887, the following order was made by said court and entered on its minutes, viz.: " This day came on to be heard the report of the jury appointed on August 12, 1887, to view the road from the Frio City road to the Quintana road, favorable to the opening of the said road, and also the contest of *William Vogt;* and the court having heard the evidence and considered the matter, it is ordered by the court, that the said report of the jury of view be in all things adopted, and ordered entered of record in the minutes of this court. And it is ordered by the court, that said road be known as the Baywaters road, and that the same be opened as a third class road, by the overseer of the Frio City road, Mr. J. B. Mann, to whose precinct said road is assigned. It is further ordered that no damages be allowed said contestant."

4.　That like proceedings of the County Commissioners Court are shown by its minutes in relation to the Benton City and Frio City roads. The proceedings in relation to these two roads also show that the surveyor was ordered to survey said roads, and that he surveyed them in pursuance of said order, and made plots and field notes of them in his report to the court, which was approved by it. And it also appeared that the jury to lay out the Benton City road were sworn according to law.

5.　It does not appear from the record that any compensation was paid the plaintiff by Bexar County for running its road through his lands, nor does it appear that he was ever served with notice as required by article 4370, Revised Statutes. There is no proof whatever of such service upon him, and he was not given the opportunity of presenting his claim for damages that is provided by law in such cases.

6.　The entry of defendant Mann upon plaintiff's land was in his supposed capacity as road overseer of the Baywaters road, in pursuance of his duties.

7.　The evidence is insufficient for us to determine the amount of damages sustained by the plaintiff to his land by reason of the roads being laid out and opened upon it.

*Conclusions of Law.*—The defendants, in their answer, simply alleged the existence, within the limits of Bexar County, of certain duly established roads. There were no allegations as to any proceedings in the County Commissioners Court; and as the special exceptions to the answer erroneously assume the averment of proceedings in said court, they have no application to the answer. The defendants, by their answer, were not restricted to showing that the roads were established by proceedings in the County Commissioners Court; but could show that they were established by grant, prescription, dedication, limitation, by order of court, or in any other lawful way. As suggested by counsel for defendants in error in his brief, if plaintiff had specially excepted to defendants' answer because it fails to set out in what manner said roads became public, then the question might arise whether the general allegation of the public highway is sufficiently certain under the rules of pleading. But as the exceptions are to matter which does not appear in the answer, and do not relate to it, they are not well taken, and were properly overruled by the court below.

In authorizing the appropriation of individual property for the public use, our Constitution and laws have prescribed certain conditions and procedure which must be strictly observed and performed. McIntire v. Lucker, 77 Texas, 259. The Constitution requires that the laying out, construction, and repairing of county roads shall be provided for by general laws (article 11, section 2), and that the Legislature shall make provision for laying out and working public roads. Art. 16, sec. 24. A general law was passed as directed by the Constitution, the provisions of which we will consider further on in this opinion.

Whatever may be the title of the tribunal upon which the authority to direct the opening of roads is conferred, its authority is, in such matters, of a jurisdictional nature; and when acting in the matter of opening roads, such tribunal is engaged in the exercise of judicial functions.

It is essential to the validity of the proceedings of the tribunal acting in such matters that it have jurisdiction of the subject matter, and of the person of him whose land is sought to be appropriated. And the weight of authority is that the jurisdiction must appear on the face of the record; and that if the record affirmatively shows jurisdiction, then the same presumptions will be indulged in favor of the proceedings as are indulged in favor of proceedings in courts of general jurisdiction. Ell. on Roads and Streets, 218, 219; Crossley v. O'Brien, 87 Am. Dec., 334; Lewis on Em. Dom., sec. 605.

It is an elementary principle, that before a man can be deprived of his property for public use, he must have notice of the proceeding whereby it is sought to appropriate his property, and given an opportunity to protect his rights. To take one's property and assess his damages without notice of it, is repugnant to every principle of justice, and such a pro-

ceeding is not due process of law, and is violative of our Constitution, as well as that of the United States, and void. All the authorities agree that due process of law requires that a person shall have reasonable notice, and a reasonable opportunity to be heard before an impartial tribunal, before any binding decree can be passed affecting his right to liberty or property. Stuart v. Palmer, 74 N. Y., 183; Davidson v. New Orleans, 96 U. S., 97; People v. Essex County, 70 N. Y., 229; Weiner v. Bunbury, 30 Mich., 201; Chase v. Hatheway, 14 Mass., 222; Scott v. City of Toledo, 22 Am. and Eng. Corp. Cases, 500.

In view of these general principles of law, we will now examine our statutes in relation to public roads, and see if there has been such a compliance with them in the appropriation of plaintiff's property to the use of the public as will justify the appellees in withholding it from him.

Article 4360, Revised Statutes, provides, that "The Commissioners Courts of the several counties shall have full power, and it shall be their duty, to order the laying out and opening of public roads when necessary, and to discontinue or alter any road whenever it shall be deemed expedient, as hereinafter prescribed; provided," etc.

Article 4367, Revised Statutes, is as follows: "All roads hereafter ordered to be made shall be laid out by a jury of freeholders of the county, to be appointed by the Commissioners Court; said jury shall consist of five persons, a majority of whom may proceed, with or without the county surveyor, as ordered by the Commissioners Court, to lay out, survey, and describe such road to the greatest advantage to the public, and so that the same can be traced with certainty; and the field notes of such survey, or description of the road, shall be included in the report of the jury, and if adopted shall be recorded in the minutes of the Commissioners Court."

Article 4368 is: "The jurors provided for in the preceding article shall, before proceeding to act as such, take the following oath before some officer authorized to administer oaths, to-wit: 'I, ————, do solemnly swear, that I will lay out the road now directed to be laid out by order to us directed from the Commissioners Court, according to law, without favor or affection, malice or hatred, to the best of my skill and knowledge, so help me God.'

"Article 4369. It shall be the duty of such jurors, when qualified as provided in the preceding article, to proceed to lay out and mark the road in accordance with the order of the court and the law, and to report their proceedings in writing to the next regular term of the Commissioners Court."

"Article 4370. The jury of freeholders provided for in article 4367 shall issue notice in writing to the land owners through whose lands such proposed road may run, or to his agent or attorney, of the time when they will proceed to lay out such road, or when they will assess the dam-

ages incidental to the opening of the same, which notice shall be served upon such owner, his agent or attorney, at least five days before the day therein named," etc.

"Article 4371. The owner of any such land may, at the time stated in such notice, or previously thereto, present to the jury a statement in writing of the damages claimed by him, if any, incident to the opening of such road, and thereupon the jury shall proceed to assess the damages, returning their assessment and the claimant's statement with the report, to the Commissioners Court.

"Article 4372. If the Commissioners Court shall approve of the report and order such road to be opened, they shall consider the assessment of damages by the jury and the claimant's statement thereof, and allow such owner just damages and adequate compensation for the land taken, and when paid or secured by the deposit with the county treasurer, to the credit of such owner, they may proceed to have such road opened."

The article then provides for an appeal by the owner if he is not satisfied with the assessment.

Article 4373 is: "If in the judgment of the Commissioners Court, from the report of the commissioners named in the two preceding articles, the road should be deemed of sufficient importance, the court may order the survey or opening of the same; but the court shall first order the payment of the damages assessed, if any, by the commissioners of view to be made to the owner of the land out of the county treasury, and the county treasurer shall have paid the same, or secured its payment by special deposit of the amount in his office, subject to the order of such owner, and shall notify such owner by mail or otherwise of such deposit."

From these provisions it will be seen, that the power to order the laying out and opening of public roads is vested in the County Commissioners Court of the several counties in this State; and in the exercise of such authority it is indispensably necessary, first, for the court to appoint a jury consisting of five freeholders of the county; second, for the members of such jury, before proceeding to act, to take the oath prescribed; third, for the jury to issue the prescribed notice to the land owners through whose land the proposed road may run; fourth, for such notice to be served within the time and manner prescribed; fifth, for the jury, upon the presentation to it within the proper time of the written statement of the damages claimed by the owner, to assess the damages; sixth, for the jury to lay out and mark the road in accordance with the order of the court; seventh, for the jury to report their proceedings in writing to the next term of the Commissioners Court; eighth, for the commissioners to approve the report of the jury and order the road opened, and allow the owner just damages and adequate compensation for his land taken, and when paid or secured as provided, to have such road

opened.   The provisions quoted must not be confused with those regarding neighborhood roads, for they differ in several essential particulars.

When these provisions of the law have been thus complied with, there is no infraction of the constitutional safeguard to the person, which inhibits the taking, damaging, or destruction of his property for or applying it to a public use without adequate compensation being first made or secured by a deposit of money; nor of the clause that provides, that "no citizen of this State shall be deprived of     *     *     *     property, *     *     *     except by due course of the law of the land."

The eight prerequisites enumerated are absolutely necessary to the taking of the property of an individual for the public use as a highway; and we believe them all jurisdictional.  It may not be necessary that they should all appear of record on the minutes of the County Commissioners Court; for it seems, from good authority, that in matters of this character it is not necessary that there should be a formal judgment affirming its existence, nor that there should be an express finding of jurisdictional facts, but that it is enough if the judgment impliedly asserts the existence of jurisdiction.  Ell. on Roads and Streets, 219.  It is safer, however, for the record to show a performance of all of these requisites.

In regard to the notice required by article 4370, our Commission of Appeals said, speaking through Judge Acker:  "The service of this notice in the manner required by statute is indispensable to the exercise of the jurisdiction of the Commissioners Court.  It is a jurisdictional fact which *must be affirmatively shown* to sustain the jurisdiction of the Commissioners Court in making the order establishing and directing that a public road be opened on the land of a citizen.  Without service of such notice, the action of the jury of freeholders and the order of the Commissioners Court are nullities."   While it has been held that an order of the Commissioners Court may be proved and given effect, although it may not have been entered upon the minutes of the court (Ewing v. Duncan, 81 Texas, 235; Brown v. Ruse, 69 Texas, 589), matters of so much importance as those under consideration, to the public as well as to the individual citizen, should not be left in parol.

From our conclusions of fact drawn from the evidence, it is apparent that the record of the County Commissioners Court, when tested by the principles announced in this opinion, does not affirmatively show that said court acquired jurisdiction to appropriate plaintiff's property to the public use for roadways.  Nor is it shown by such record, even when aided by parol evidence, that such jurisdiction attached.  Therefore the proceedings of said court whereby the county of Bexar claims easements over plaintiff's property are null and void, and are no defense to plaintiff's action.

It is obvious that plaintiff has sustained some damages to his property; but as the evidence disclosed by the record is insufficient for us to deter-

mine the amount, we can not render judgment here in his favor for such damages.

For the reason of the insufficiency of the evidence to sustain the judgment of the court below, and our inability to determine from the record the amount of damages sustained by the plaintiff, the judgment of the District Court is reversed and the cause remanded for a new trial in accordance with the law announced in this opinion.

*Reversed and remanded.*

Delivered November 22, 1893.

Chief Justice JAMES did not sit in this case.