COOKE COUNTY et al. v. DUDENHAFFER.
(No. 8354.)

(Court of Civil Appeals of Texas. Ft. Worth. June 16, 1917.)

HIGHWAYS ☞30(7) — ESTABLISHMENT — NOTICE—MODE OF PROOF.

Where, in an action to enjoin the opening of a road, no evidence is offered, other than the recital in the order of the commissioners' court establishing the road as a public road, to show that the owners of the land over which the road was established were served with notice by the jury of view to appear before them and submit claims for their damages, the order is void, since service of notice in manner required by statute is jurisdictional, and must be proven by other evidence than mere recitals in the report of the jury of view or the order approving such report.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 69.]

Appeal from District Court, Cooke County; O. F. Spencer, Judge.

Action by Franz Dudenhaffer against Cooke County and others. From judgment in favor of plaintiff, defendants appeal. Affirmed.

Garnett & Garnett, Owen Davis, and Lewis Rogers, all of Gainesville, for appellants. J. T. Adams, of Gainesville, for appellee.

CONNER, C. J. Appellee, Franz Dudenhaffer, on October 19, 1914, instituted this suit against Cooke county and officers of its commissioners' court to enjoin the opening of what is known as the "Underwood Ranch Road" in said county. It was alleged that the original order of the commissioners' court establishing the road was void for want of notice, and that the road had long since been abandoned. The case was submitted to a jury upon special issues, upon the answers to which, as also upon special findings made by the court, judgment was rendered in appellee's favor perpetuating the preliminary injunction that had theretofore issued, and this appeal is from such final judgment.

The order purporting to establish the road in question was entered by the commissioners' court on the 11th day of May, 1886, and in answer to one of the special issues the jury found that there was no evidence, except recitations in the record, that all of

the parties affected by the order received notice of the action of the commissioners' court. The trial court also specifically found, so far as pertinent, that:

"There was no evidence introduced at the trial of this case other than that shown by the order of 1886, that the parties affected by the proposed road had any notice of the proposed road."

In other words, the record before us without question on this point conclusively shows that there was no evidence offered other than the recital in the order dated May, 1886, establishing the road as a public road, to show that the owners of the land over which the road was established were served with notice by the jury of view to appear before them and submit claims for their damages, as required by the statute. We are of opinion, therefore, regardless of all other questions and of all other conclusions upon which the court predicated its judgment, that the judgment of the trial court declaring the said order void and perpetuating the injunction must be sustained. See Bowie County v. Powell, 66 S. W. 237; Parker v. F. W. & D. C. Ry. Co., 84 Tex. 333, 19 S. W. 518; Evans v. Live Stock & Land Co., 81 Tex. 622, 17 S. W. 232; Morgan v. Oliver, 98 Tex. 218, 82 S. W. 1028, 4 Ann. Cas. 900; McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Huff v. Preuitt, 53 S. W. 844; Vogt v. Bexar County, 5 Tex. Civ. App. 272, 23 S. W. 1044; Crawford v. Frio County, 153 S. W. 388.

The statutes providing for the establishment of public roads rest upon the right of eminent domain, and the proceedings prescribed by the statute are special in character, and among other directions specifically provided is one to the effect that the jury of freeholders, or jury of view, as frequently designated, after their appointment to view out the road sought to be established, shall issue notice in writing to the landowners through whose lands such proposed roadway runs, or to his agent or attorney, of the time when they will proceed to lay out such road, or when they will assess the damages incidental to the opening of the same, which notice must be served upon such owner, agent, or attorney at least five days before the date named in the notice. As stated in McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027:

"The service of this notice in the manner required by the statute is indispensable to the exercise of jurisdiction by the commissioners' court. It is a jurisdictional fact which must be affirmatively shown to sustain the jurisdiction of the commissioners' court in making an order establishing and directing that a public road be opened on the land of a citizen. Without proper service of such notice the action of the jury of freeholders and the order of the commissioners' court are nullities."

The other authorities cited unmistakably establish the proposition contained in the quotation that we have made from 77 Tex., and some of them, if not all of them, in effect, require adherence to the further proposi-

tion that mere recitals in the report of the jury of view, or in the order approving such report and establishing the road, are insufficient on the trial of the issue to prove the requisite service. Thus, in the case of Bowie County v. Powell, supra, the court, after discussing the necessity of notice and declaring in line with the principle quoted from 77 Tex., further say:

"The order of the commissioners' court of Bowie county approving the report of the jury of view, showing a condemnation of McGill's land, raises no presumption that the jury caused notice of the proceeding to be legally served on McGill; and it was necessary for the county, in order to show a valid condemnation, to prove, either directly or by circumstance, that the notice was duly served."

So in Crawford v. Frio County, 153 S. W. 388, supra, the court held that it was error to admit as proof of service recitals to that effect in the report of a jury of view. It was there said:

"Our courts have held that the mere recitation of service of notice in the report of the jury of view is not sufficient to establish a prima facie case against the landowner that he has been served with the statutory notice. In Vogt v. Bexar County, 5 Tex. Civ. App. 279, 23 S. W. 1047, the court says: 'The service of this notice in the manner required by statute is indispensable to the exercise of the jurisdiction of the commissioners' court. It is a jurisdictional fact which must be affirmatively shown to sustain the jurisdiction of that court.'"

The judgment below will, accordingly, be affirmed upon the proposition and authorities stated.