## BIRD et al. v. ALEXANDER et al. (No. 9867.)

(Court of Civil Appeals of Texas. Dallas. July 3, 1926. Rehearing Denied Oct. 23, 1926.)

1. **Appeal and error ⟺456—Injunction will issue to maintain status quo of parties pending appeal (Rev. St. 1925, art. 1823).**

Under Rev. St. 1925, art. 1823, whenever it is necessary to maintain status quo of parties or to preserve corpus of subject-matter of litigation pending appeal, injunction will be issued.

2. **Appeal and error ⟺456—For original jurisdiction of Court of Civil Appeals to attach, pleadings in suit pending appeal must disclose injunction applicant to be entitled to relief prayed in suit.**

As basis for original jurisdiction of Court of Civil Appeals, it must appear from pleadings of parties in suit pending on appeal that applicant for injunction has stated therein grounds which, if established, would entitle him to relief prayed for in suit.

3. **Courts ⟺204—Supervisory control given district courts over commissioners' court may be exercised through their equitable jurisdiction (Const. art. 5, § 8; Rev. St. 1925, art. 1908).**

Supervisory control given district courts over commissioners' court under Const. art. 5, § 8, and Rev. St. 1925, art. 1908, may be exercised through their equitable jurisdiction.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Levees and flood control ⬳6—District court could not exercise supervisory control over commissioners' court in levee district hearing, where no final action had been taken (Const. art. 5, § 8; Rev. St. 1925, art. 1908).**

Where commissioners' court had taken no final steps in levee district hearing, district court could not take supervisory control as provided in Const. art. 5, § 8, and Rev. St. 1925, art. 1908.

**5. Appeal and error ⬳456—Petition held not to state case for injunction to maintain status quo pending appeal from proceedings for creation of levee district.**

Petition, showing that no final action had been taken by commissioners' court in creation of levee district, *held* not to state prima facie case for injunction to maintain status quo of litigation pending appeal.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Original proceeding for injunction by D D. Bird and others against F. H. Alexander and others. Writ denied.

Clark & Clark, Phillips, Townsend & Phillips, H. P. Edwards, and Tom Scurry, all of Dallas, for appellants.

Hurt & Jacks and W. P. Dumas, all of Dallas, for appellees.

JONES, C. J. Appellants, in the above-styled cause, now pending on appeal in this court, have made application by duly verified petition for the issuance of an original writ of injunction, in order that the status quo of the parties to the litigation may be maintained until judgment is rendered on the appeal.

Appellants instituted an injunction suit in the district court of Dallas county to restrain appellees, who constitute the commissioners' court of Dallas county, from continuing a hearing before them by the interested parties, to determine whether there will be created a levee district, under the provisions of chapter 21 of the 1925 General Laws of the state of Texas. A petition by owners of land within the boundaries of said district, as same was therein described, purporting to represent over 50 per cent. of the acreage of the said land, had theretofore been duly filed, and due notice for such hearing issued thereon. Appellants, who are landowners within said district, had appeared at such hearing, and had contested the creation of said district. They had presented a protest to appellees, challenging the jurisdiction of the court to entertain such hearing, and to create such district, on the grounds: (1) That the petition on which appellees were acting had not been signed by the owners of more than 50 per cent. of the acreage within said purported district, as required by law; (2) that, at the time the said petition was presented and filed, and

when the notices were issued, a large part of the acreage of the purported district was embraced in an existing levee district that had been duly created; (3) that the subsequent act of appellees in attempting to dissolve said former district was void, for the reason that the only authority given for the dissolution of a levee district is that contained in said chapter 21, and that said provision of said chapter is void, for the reason that the caption to such enactment did not mention therein the dissolution of a levee district; (4) that other provisions of said chapter 21 are unconstitutional and void on grounds specifically alleged, but it is not deemed necessary for the disposition of this appeal to set them out or to discuss them.

After these protests had been overruled, and appellees were proceeding with the hearing on the petition to create the said district, these appellants presented to the judge of said district court a verified petition for injunction, alleging very fully and specifically, as grounds for an injunction, the matters above set out, as well as other matters not necessary here to mention. The petition also alleged that, if appellees proceeded with said hearing, and created said district, its mere creation would work injury and damage to them, specifically setting out how such damage would result. Such petition also contained allegations of no adequate remedy at law, and that appellants would suffer an irreparable injury if said district was created. The petition did not allege that the commissioners' court would create the district, or even were threatening to create such district, but only alleged what would result to relators if the said district was created. The petition contained a prayer for a temporary injunction, and, on its presentation, the judge of said court issued a temporary restraining order forbidding the continuing of the hearing by appellees until the further order of said court. A day was named for hearing the application for temporary writ of injunction, and at said hearing appellees presented a plea in abatement. As one of the various grounds alleged in this plea was the ground that the suit was prematurely brought, in that appellees had not determined whether such district should be created or not, and at that time they did not know whether they would create such district or not. Upon this hearing the court sustained the plea in abatement, and dissolved the temporary restraining order theretofore issued. The court also refused the application of appellants duly made to continue the restraining order in force until the disposition of the case on an appeal that would be perfected immediately. This application was denied, and appellants duly perfected their appeal, and such cause is now pending in this court.

[1] Article 1823, Revised Civil Statutes 1925, clothes the Courts of Civil Appeals and the judges thereof with power to issue writs of mandamus, and all other writs necessary to enforce the jurisdiction of said courts. Under this statute, whenever it is necessary to maintain the status quo of the parties, or to preserve the corpus of the subject-matter of litigation pending on appeal, this court may issue a writ of injunction for such purpose, to the end that the judgment rendered on the disposition of the appeal would not be barren and fruitless. Ford v. State (Tex. Civ. App.) 209 S. W. 490; Gibbons v. Ross (Tex. Civ. App.) 167 S. W. 17; Moore v. McLennan County (Tex. Civ. App.) 275 S. W. 478.

[2] As a basis for the original jurisdiction of this court to issue an injunction in aid of its jurisdiction, it must appear from the pleadings of the parties in the suit pending on appeal that the applicant for such injunction has stated therein grounds which, if established by proof, would entitle him to the relief he has prayed for in said suit. Otherwise he has not shown that he has any rights that would be protected, were the status quo maintained. So the first inquiry is: Does relators' petition in the injunction suit state a prima facie case for the issuance of the writ of injunction?

Section 8 of article 5 of our Constitution grants to district courts "appellate jurisdiction and general supervisor control over the county commissioners' court, with such exceptions and under such regulations as may be prescribed by law." This power is also granted to district courts by article 1908, Revised Civil Statutes.

[3] It is the settled law of this state that this supervisory control may be exercised through the equitable jurisdiction of the district courts. Bourgeois v. Mills, 60 Tex. 76; Bounds v. Kirven, 63 Tex. 159; McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162. In the latter case, the jurisdiction of the district court was invoked by a suit to restrain the commissioners' court of Bosque county from opening a public road across the plaintiff's land, which said commissioners' court had, by order duly entered on the minutes of the court, directed to be opened. On the question of the jurisdiction of the district court to entertain such suit, the Supreme Court said:

"The power of the district court to supervise the proceedings of the commissioners' court here involved gave the injunction suit the character of a direct attack upon those proceedings rather than a collateral one. * * * This permitted a full inquiry for the purpose of seeing whether throughout the proceedings the court had complied with the law, unhindered by any presumptions ordinarily indulged in a collateral attack upon a judgment of a court of general jurisdiction. Not otherwise could the district court supervise and control its action."

[4] It will be noted that in the reported case the commissioners' court had pronounced its final conclusion in reference to the opening of the road before the jurisdiction of the district court was invoked for the purpose of reviewing such action. It will also be noted that no final action, in reference to the creation of the levee district, had been taken by respondents, when the said injunction suit was filed. It is evident that the supervisory control of the commissioners' court resting in district courts, perforce of constitutional and statutory grants of power, can only be exercised when the commissioners' court has declared finally its action on the matter over which it has taken jurisdiction. It is true that appellees made rulings in reference to matters preliminary to its final action, but it is certainly not contemplated by either the said constitutional or statutory provisions above stated that rulings on these preliminary matters could be reviewed by a district court, in advance of any final action on this matter by appellees. Each of the preliminary matters ruled upon by appellees affect their jurisdiction to create the levee district, and present matters for grave consideration, when they have taken final action in the premises and their jurisdiction to create the levee district is challenged by proper suit. This court cannot assume that appellees will finally assert jurisdiction and create the levee district, if in fact no such jurisdiction exists, which question as to jurisdiction is not here decided.

[5] Believing that the supervision of commissioners' courts vested in district courts can only be asserted by such courts after a final action by said commissioners, and that, as both the petition for injunction in the district court, and the petition for injunction in this court, establish the fact that no final action has been taken by the appellees, acting in their capacity as the commissioners' court of Dallas county, and that therefore the jurisdiction of the district court did not attach, we conclude that it is not necessary to the jurisdiction of this court over the pending appeal, to maintain the status quo of the litigation by the issuance of the injunction prayed for, and it is denied. The restraining order heretofore issued is dissolved.

Injunction denied.

LOONEY, J., disqualified, and not sitting.

## On Motion for Rehearing.

JONES, C. J. In motion for rehearing, our attention is called to the fact that in the original opinion we were in error in stating that the petition for injunction did not allege that the commissioners' court would create the district or even were threatening to create such district. A re-examination of

the petition discloses that it contained such an allegation. The decision, however, was not based on this supposed failure of pleading, and the fact that such an allegation was contained in no way affects the decision rendered.

The motion for rehearing is overruled.