Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE: EL PASO COUNTY
COMMISSIONERS COURT,

                             Relator.

§
 
§
 
§
 
§
 
§
 
 § 



No. 08-05-00151-CV

AN ORIGINAL PROCEEDING 

IN MANDAMUS





O P I N I O N

           Relator, the El Paso County Commissioners Court, seeks a writ of mandamus
directing the Honorable Gonzalo Garcia, Judge of the 210th District Court (Respondent), to
vacate an order (1) prohibiting the Commissioners Court from expending monies from two
designated capital project fund accounts, and (2) requiring the Commissioners Court to attend
an evidentiary hearing for the purpose of judicial fact-finding. We conditionally grant
mandamus relief.
FACTUAL SUMMARY
           In 2001 and 2002, El Paso County Commissioners Court issued certificates of
obligation in the amount of approximately $65 million to finance numerous projects,
including the expansion of the courthouse and a parking garage.


 The Commissioners Court
employed a consultant, Gilbane ECM, to analyze the county’s real estate, space, and office
needs and use over the next two decades. The consultant produced a report known as the
“Gilbane study” or “Gilbane report.” In March of 2003, the Commissioners Court voted to
move forward with building the courthouse expansion and it indicated that the expansion
would be in front of the existing courthouse. The Commissioners Court established a
Courthouse Expansion Committee to consider available options for the project. County
Commissioner Daniel R. Haggerty chaired the Courthouse Expansion Committee.
           The El Paso County Council of Judges


 also formed a committee to address the
courthouse expansion based on concerns that the expansion project would not occur because
the Commissioners Court had not moved forward with the project and money set aside for
the courthouse expansion was being slowly dissipated. That committee consisted of
Respondent, Judge Patricia Macias, Judge Linda Chew, Judge Sam Medrano, Judge Javier
Alvarez, and Judge Luis Aguilar. After consideration of various proposals, the judicial
committee agreed on a plan for the courthouse expansion project that involved building the
expansion in front of the existing courthouse. The Council of Judges adopted the plan on
December 16, 2004, and on December 21, 2004, passed a resolution stating that the courts
of El Paso County have a need for additional courtroom space. By the resolution, the
Council of Judges requested that the Commissioners Court immediately proceed with
building the annex extension consistent with the plans drafted by the Council of Judges. The
Council of Judges attached building plans to the resolution.
           In early 2005, the members of the Commissioners Court Courthouse Expansion
Committee, including Commissioner Haggerty, met with various members of county
government and members of the Council of Judges Committee, including Respondent, Judge
Chew, and Judge Macias to discuss the courthouse expansion project. Respondent and the
other judges consistently expressed their opinion that the Committee should recommend to
the Commissioners Court that the additional courthouse space be built in front of the existing
courthouse. The Courthouse Expansion Committee had since concluded, however, that the
courthouse annex should be built across the street from the downtown county jail, but it had
not yet made this recommendation to the Commissioners Court.
           The Council of Judges met and discussed various options for asserting its position
regarding the courthouse expansion, and ultimately decided that one of the district courts
would exercise its supervisory powers over the Commissioners Court. Respondent
volunteered for the task, and on March 9, 2005, he entered an order in an attempted 
proceeding styled In re: El Paso County Commissioners Court and Courthouse Expansion
(cause number 2005-1688; court-assigned number 210DC-05-CTHSE). Even though no
lawsuit has been filed and no hearing has been held, Respondent makes several factual
findings purportedly based on the affidavit of the El Paso County Auditor, Edward Dion.


 
Those findings are:
1. In 2001 and 2002, the El Paso County Commissioners Court ordered
issuance of certificates of obligation in express anticipation of building a
roughly $21 million dollar El Paso County Courthouse expansion.
2. On March 11, 2003, the El Paso County Commissioners Court ordered
designation of the front half of the block on which the Courthouse is located
as the site to build additional courthouse space. This order instructed the
County’s Purchasing Agent to work with the County Project Manager to
prepare specifications necessary for a Request for Qualification.
3. The El Paso County Commissioners Court commissioned a needs and use
assessment report from Gilbane ECM (the “Gilbane Report”) at a cost of
$144,329.80. The purpose of the “Gilbane Report” was to assess the future
real estate needs in light of the County’s growth concerns.
4. The “Gilbane Report,” among other things, identified the County’s needs
and options for expansion of the El Paso County Courthouse, including ADA
compliance issues, elevators, and expanded space for courtrooms and offices.
5. The courthouse expansion project, previously approved and ordered by the
El Paso County Commissioners Court is the most cost effective, efficient and
secure plan to meet the growing needs of El Paso County’s judicial system.
6. In recent months the El Paso County Commissioners Court has issued
orders for the expenditure of funds for various public works projects not
directly related to expansion of the county courthouse. Regrettably, the Court
finds the funds for these projects come from the previously allocated
certificates of obligation specifically set aside for courthouse expansion.
7. The courthouse expansion project referred to in Paragraphs 1 and 2 above
cannot be completed if the El Paso County Commissioners Court spends funds
previously allocated for expansion of the county courthouse on other projects.
8. The space and equipment needs for the continued safe, effective, efficient
and lawful operation of the County’s judicial system cannot be met absent
immediate action by the El Paso County Commissioners Court. In short, the
administration of justice in El Paso County is imminently imperiled by the
conduct of the Commissioners Court as outlined above. Further spending of
funds allocated for courthouse expansion by the Commissioners Court for
other projects will effectively vacate the expansion plans. Moreover, this
Court believes the Commissioners Court does not have the lawful discretion
to spend allocated courthouse expansion funds for unrelated projects. 
(Emphasis in original).
9. Sound I.R.S. accounting practices relating to expenditure of bond proceeds
and arbitrage required the Commissioners Court to expend the funds referred
to in Paragraphs 1 and 2 not later than July 22, 2004 (two years from the date
of issuance of the Certificates of Obligation). Failure to do so is, at best,
unacceptable according to these sound principles; at worst, the practice is
potentially unlawful and may negatively impact the County’s financial rating.
10. If the potential consequences to El Paso County’s governmental
administration are not grave enough, the Court is convinced for the purposes
of these Orders that the negative impact on the County’s taxpayers is simply
unacceptable. The Court believes that the failure of the Commissioners Court
to timely move forward and build the courthouse expansion will cause actual
financial harm to El Paso County property tax payers. Put simply, if built in
2002 the courthouse expansion could have been accomplished within the
allocated budget; built today, or in the future, the same project will now cost
the tax payers additional hundreds of thousands of dollars, if not more.
           Respondent goes on to state that he is “deeply concerned that the Commissioners
Court may have acted without reason, fraudulently, arbitrarily, in bad faith or in a manner
amounting to a gross abuse of their discretion,” but adds that he “makes no finding in this
regard, but intends to conduct an evidentiary hearing to gather evidence on these very
issues.” The order expressly prohibits the Commissioners Court from spending,
appropriating, allocating or transferring any monies previously allocated for the courthouse
expansion, approximately $22 million, except on motion and hearing before Respondent. 
Respondent ordered the members of the Commissioners Court to appear at an evidentiary
hearing set for April 4, 2005 for consideration of the following issues:
1. Whether the El Paso County Commissioners Court has acted without
reason, fraudulently, arbitrarily, in bad faith or in a manner amounting to a
gross abuse of their discretion in the handling of the funds for the courthouse
expansion;
2. Whether the El Paso County Commissioners Court has acted without
discretion when expending monies allocated for courthouse expansion on other
matters;
3. Whether the El Paso County Commissioners Court’s failure to timely
expend allocated funds for courthouse expansion violated sound accounting
practices and principles; and
4. Whether the El Paso County Commissioners Court’s failure to timely
expend allocated funds for courthouse expansion caused financial harm to El
Paso County taxpayers. 
Respondent’s order also indicates that, after hearing the evidence, he would consider whether
further actions or orders would be appropriate.
           On March 14, 2005, the Commissioners Court filed a motion to recuse Respondent
pursuant to Tex. R. Civ. P. 18b(2)(a) asserting that his impartiality might reasonably be
questioned. Respondent refused to recuse himself and referred the matter to the Honorable
Stephen Ables, Presiding Judge of the Sixth Administrative Judicial Region of Texas. Judge
Ables heard the motion on March 21, 2005 and orally denied the motion at the conclusion
of the hearing. Judge Ables entered a written order denying the motion to recuse on March
23, 2005.
           Following the conclusion of the recusal hearing and Judge Ables’ oral ruling,
Respondent conducted a status conference attended by the El Paso County Attorney’s Office,
counsel for the Commissioners Court, and Robin Collins, whom the court had appointed to 
assist with the gathering and presentation of evidence. He informed those present that the
proceeding was “not a lawsuit, and it’s basically the Court exercising its inherent power” and
ordered that the Rules of Civil Procedure and Code of Criminal Procedure would not apply
to allow any form of discovery. However, Respondent determined that the Rules of Evidence
would apply, the El Paso County Commissioners would be considered “witnesses,” Rule 267
of the Rules of Civil Procedure (“the rule”) would be invoked, and subpoenas would be
issued pursuant to the instanter criminal process. He also informed the attorneys present that
he would participate in the examination of the witnesses. Counsel for the Commissioners
Court asked Respondent what he believed to be his scope of authority and potential actions
he could take at the conclusion of the proceeding. He candidly admitted that he did not know
whether he could issue an order which would subject someone to criminal liability or civil
contempt or whether he could take other action.
           Prior to the date of the evidentiary hearing, the Commissioners Court filed a petition
seeking a writ of mandamus and emergency relief. We issued an order staying Respondent’s
order during the pendency of this proceeding.
STANDARD OF REVIEW
           Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other adequate
remedy at law. Id. An appellate court rarely interferes with a trial court’s exercise of
discretion. A clear abuse of discretion warranting correction by mandamus occurs when a
court issues a decision which is without basis or guiding principles of law. See Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). With respect
to resolution of factual issues or matters committed to the trial court’s discretion, the
reviewing court may not substitute its judgment for that of the trial court. Walker, 827
S.W.2d at 839. The relator must therefore establish that the trial court could reasonably have
reached only one decision. Id. at 840. With respect to a trial court’s determination of the
legal principles controlling its ruling, the standard is much less deferential. A clear failure
by the trial court to analyze or apply the law correctly will constitute an abuse of discretion,
and may result in appellate reversal by extraordinary writ. Id.
           An appellate court will deny mandamus relief if another remedy, usually appeal, is
available and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex.
1986) (orig. proceeding). Mandamus will not issue where there is “a clear and adequate
remedy at law, such as a normal appeal.” Walker, 827 S.W.2d at 840, quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984).
DISTRICT COURT’S SUPERVISORY AUTHORITY
OVER COMMISSIONERS COURT

           The Commissioners Court contends that it is entitled to mandamus relief because the
March 9, 2005 order is void and there is no appellate remedy.


 Before reaching the merits
of this original proceeding, we must address Respondent’s contention that the petition for
writ of mandamus is premature because he has not yet conducted the evidentiary hearing or
issued any additional orders. The Commissioners Court, however, is not challenging any
future ruling but rather asserts that the March 9, 2005 order is void because the district
court’s jurisdiction had not been properly invoked. This issue is ripe for review.
           As authority for the order, Respondent cited the district court’s “inherent
constitutional powers to preserve the judicial branch of government, as well as specific
constitutional and statutory authority to exercise its ‘. . . general supervisory control over the
commissioners court . . .’.” The order specifically cites Article V, Sections 1 and 8 of the
Texas Constitution and Sections 21.001 and 24.020 of the Government Code.
The Commissioners Court
           Article V, Section 1 of the Texas Constitution provides that the judicial power of the
state is vested in one Supreme Court, one Court of Criminal Appeals, the courts of appeals,
the district courts, the county courts, the commissioners courts, the courts of justices of the
peace, and in such other courts as may be provided by law. Tex.Const. art. V, § 1. The
jurisdiction of a particular court is that portion of the judicial power which it has been
expressly authorized to exercise by the constitution or statutes. Eichelberger v. Eichelberger,
582 S.W.2d 395, 398 (Tex. 1979).
           The Texas Constitution provides that the commissioners court “shall exercise such
powers and jurisdiction over all county business, as is conferred by this Constitution and the
laws of the State, or as may be hereafter prescribed.” Tex.Const. art. V, § 18. Thus, the
Texas Constitution establishes the Commissioners Court as the county’s principal governing
body. Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 79 (Tex. 1997). The
powers and duties of the Commissioners Courts include aspects of legislative, executive,
administrative, and judicial functions. Id., citing Avery v. Midland County, 390 U.S. 474,
482, 88 S.Ct. 1114, 1119, 20 L.Ed.2d 45 (1968); Ector County v. Stringer, 843 S.W.2d 477,
478 (Tex. 1992). In the exercise of its powers and jurisdiction over county business, the
commissioners court has implied authority to exercise broad discretion to accomplish the
purposes intended. Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453 (1948); Cosby
v. County Commissioners of Randall County, 712 S.W.2d 246, 248 (Tex.App.--Amarillo
1986, writ ref’d n.r.e.).
           Pertinent to this case, the commissioners court is required to provide a courthouse and
offices for county officers at the county seat, as well as other necessary public buildings, and
must maintain the courthouse, offices, and other public buildings. Tex.Loc.Gov’t Code
Ann. § 291.001 (Vernon 1999). The commissioners court has broad discretion and judgment
as to when the necessities of a county require the building, repairing, remodeling and
enlarging of a courthouse. Cosby, 712 S.W.2d at 248; McWilliams v. Commisioners Court
of Pecos County, 153 S.W. 368, 372 (Tex.Civ.App.--El Paso 1913, no writ).
The District Court’s Jurisdiction
           Article V, § 8 establishes the jurisdiction of the district courts as follows:
District Court jurisdiction consists of exclusive, appellate and original
jurisdiction of all actions, proceedings, and remedies, except in cases where
exclusive, appellate, or original jurisdiction may be conferred by this
Constitution or other law on some other court, tribunal, or administrative body. 
District Court judges shall have the power to issue writs necessary to enforce
their jurisdiction.
 
The District Court shall have appellate jurisdiction and general supervisory
control over the County Commissioners Court, with such exceptions and under
such regulations as may be prescribed by law.

Tex.Const. art. V, § 8.
           With a few narrow exceptions, the legislature has not prescribed procedures for
exercising this appellate jurisdiction or supervisory control. Ector County, 843 S.W.2d at
479; Scott v. Graham, 292 S.W.2d 324, 328 (Tex. 1956). The enabling legislation
empowering the district court merely repeats the language of Article V, Section 8. 
Tex.Gov’t Code Ann. § 24.020 (Vernon 2004) (“The district court has appellate
jurisdiction and general supervisory control over the commissioners court, with the
exceptions and regulations prescribed by law.”); Ector County, 843 S.W.2d at 479. 
However, the scope of the district court’s jurisdiction has been defined by case law. Ector
County, 843 S.W.2d at 479. A party can invoke the district court’s constitutional supervisory
control over a commissioners court judgment only when the commissioners court acts beyond
its jurisdiction or clearly abuses the discretion conferred upon the commissioners court by
law. Commissioners Court of Titus County, 940 S.W.2d at 80; Ector County, 843 S.W.2d
at 479.
           Therefore, it is beyond dispute that the district court’s jurisdiction includes appellate
jurisdiction and general supervisory control over the county commissioners court, and that
jurisdiction can only be invoked under the circumstances just described. The issue squarely
before us is how that jurisdiction is invoked.
Invoking the District Court’s Jurisdiction
           Drawing a distinction between the district court’s appellate jurisdiction and general
supervisory control, Respondent asserts that his order is all that is required to invoke the
district court’s general supervisory power over the Commissioners Court. The
Commissioners Court, on the other hand, maintains that a lawsuit or some type of
independent equitable action must be filed in the district court in order to invoke the court’s
jurisdiction under Article V, Section 8 and Section 24.020. We agree with the
Commissioners Court.
           It has long been the law in Texas that a direct equitable action must be filed in the
district court in order to invoke that court’s jurisdiction to exercise supervisory control of the
commissioners court. See, e.g., Scott, 292 S.W.2d at 328 (holding that a direct equitable
proceeding filed in the district court comes within the power granted by Article V, § 8 and
the predecessor of Section 24.020); Hooten v. Enriquez, 863 S.W.2d 522, 528 n.7 (Tex.App.--El Paso 1993, no writ) (noting that a formal action or suit must be filed in order for district
court to exercise its supervisory control over the commissioners court); Atlantic Richfield Co.
v. Liberty-Danville Fresh Water Supply District No. 1, 506 S.W.2d 931, 934 (Tex.Civ.App.--Tyler 1974, writ ref’d n.r.e.) (holding that a plenary suit


 is required to invoke the district
court’s supervisory control over the commissioners court); J. R. Phillips Investment Company
v. Road District No. 18 of Limestone County, 172 S.W.2d 707, 712 (Tex.Civ.App.--Waco
1943, writ ref’d) (holding that the supervisory control of the district court may be exercised
through its equitable jurisdiction); Harris County v. Bassett, 139 S.W.2d 180, 182
(Tex.Civ.App.--Galveston 1940, writ ref’d) (one aggrieved by an order of a county
commissioners court may have the order reviewed by bringing a direct proceeding in the
district court for that purpose); Bird v. Alexander, 288 S.W. 606, 608 (Tex.Civ.App.--Dallas
1926, no writ) (stating that it is the settled law of this state that the district court’s supervisory
control may be exercised through the equitable jurisdiction of the district courts);
Tex.Atty.Gen.Op. JM-708 (1987) (concluding that a district court may exercise “general
supervisory control” over the actions of a commissioners court only when a lawsuit is
brought in district court seeking review of the commissioners court’s actions). See also
George D. Braden, The Constitution of the State of Texas: An Annotated and Comparative
Analysis, Article V, § 8 (Vol. 1 1977).
           In support of his argument, Respondent relies on several cases which either cite or
apply Section 24.020. Yet, in every one of those cases, except one, the district court’s
jurisdiction had been properly invoked by the filing of a suit. See Bentley v. Bunton, 94
S.W.3d 561, 567 (Tex. 2002) (district judge brought defamation suit against host and co-host
of call-in talk show televised on public-access channel); Commissioners Court of Titus
County, 940 S.W.2d at 79 (county treasurer brought declaratory judgment action against
county commissioners court and county auditor to challenge decision by commissioners court
to assign payroll functions to auditor); Ector County, 843 S.W.2d at 478 (constables brought
action against county and commissioners court to obtain compensation and expenses for
services previously rendered); Ware v. Miller, 82 S.W.3d 795, 798 (Tex.App.--Amarillo
2002, pet. denied) (former county constable brought action against county, county judge, and
members of the county commissioners court regarding issues of constable’s salary, seeking
writ of mandamus, actual and exemplary damages, and declaratory relief stating that salary
he received was unreasonable and that commissioners court had duty to set reasonable
salary); Commissioners Court of Grayson County, Texas v. Albin, 992 S.W.2d 597, 598
(Tex.App.--Texarkana 1999, pet. denied) (developer filed action for writ of mandamus to
compel county commissioners court to grant his request to file revised plat of subdivision);
Hooten, 863 S.W.2d at 525 (county clerk brought action seeking declaration that actions of
county commissioners amending clerk’s budget were illegal). None of these cases support
Respondent’s argument that it is not necessary to file a suit to invoke the district court’s
jurisdiction under Article V, Section 8 and Section 24.020.
           Respondent also relies on this Court’s decision in In the Matter of El Paso County
Courthouse, 765 S.W.2d 876 (Tex.App.--El Paso 1989, no writ). There, several judges
entered an order similar to the order entered by Respondent in that it made findings regarding
the condition of the then-existing county courthouse, its unsuitability for the courts’
functions, the passage of a $35 million bond issue for the purpose of constructing a new
courthouse, the initial steps taken by the commissioners court in pursuing construction of a
new courthouse, and the controversy within the commissioners court over the location and
design of the new courthouse. Id. at 877. The order directed the commissioners court to
issue whatever resolutions and orders necessary to the expeditious completion of the new
courthouse. Id. at 877-78. Three of the county commissioners appealed.


 In contrast with
the position taken in the instant case, the El Paso County Attorney filed a brief on behalf of
one of the other commissioners and took the position that there were four distinct bases
which authorized the courts to intervene and issue the order. First, the County Attorney
argued that the courts could intervene in the matter since the commissioners court had failed
to perform a statutory, nondiscretionary duty to provide a courthouse. Id. at 878-79. We
rejected that argument because the commissioners court’s duty to provide a courthouse is
“replete with discretion.” Id. at 879.
           Second, the County Attorney asserted in In re El Paso County Courthouse that the
district court had authority to intervene under Article V, Section 8 and Section 24.020
because the commissioners court had acted arbitrarily and had grossly abused its discretion. 
Id. We found that the order was void because the commissioners court had not been given
an opportunity for an evidentiary hearing, and thus, had been denied procedural due process. 
Id. at 879-80. This Court did not address whether the order was also void because the district
court’s jurisdiction had not been properly invoked.
           The El Paso County Courthouse opinion next considered whether the trial courts’
inherent judicial power, with its attendant aspects of self-preservation and separation of
powers, authorized the order. While we emphasized that the separation of powers concept
necessitates a doctrine of inherent judicial power to preserve the judicial function, we held
that this power may not be exercised in such a fashion as to abrogate the correlative rights
of the executive and legislative authorities of our government, for the public is equally
protected by the preservation of all three functions. Id. at 881-82. Thus, we specifically held
that these inherent powers must be properly invoked upon an adequate basis in a safeguarded
process. Id. at 882. Because the order had been entered in the absence of procedural due
process, we determined that it was void. Id. We set aside the void order and dismissed the
appeal. Id.
           It is clear that the Council of Judges and Respondent have endeavored to comply with 
In re El Paso County Courthouse. That decision, however, was limited to finding the order
void due to the obvious denial of procedural due process. The issue of whether the district
court’s supervisory control had been properly invoked in the first place was not raised or
addressed by that opinion. In this proceeding, the Commissioners Court has squarely raised
the issue and we are not free to disregard the substantial body of case law holding that the
district court’s jurisdiction must be invoked by the filing of a plenary suit. To suggest
otherwise would place the Texas judiciary, an independent branch of government, on the
perilous road to potentially second-guessing every executive or administrative decision of
a county commissioners court. This we cannot do.
           We therefore hold that a district court cannot invoke its own jurisdiction to exercise
supervisory control over the commissioners court under Article V, Section 8 and Section
24.020. Because the district court’s jurisdiction was not properly invoked, the March 9, 2005
order is not a valid exercise of the court’s general supervisory control of the commissioners
court. 
Inherent Authority
           We next consider whether Respondent’s order is authorized by an inherent power of
the district court. In addition to the express grants of judicial power to each court, there are
other powers which courts may exercise, though not expressly authorized or described by
constitution or statute. Eichelberger, 582 S.W.2d at 398. These powers are generally
categorized as “implied” and “inherent.” Id. There is an important distinction between
implied and inherent powers. See id.
           The inherent judicial power of a court is not derived from legislative grant or specific
constitutional provision, but from the very fact that the court has been created and charged
by the constitution with certain duties and responsibilities. Id. The inherent powers of a
court are those which it may call upon to aid in the exercise of its jurisdiction, in the
administration of justice, and in the preservation of its independence and integrity. Id. These
powers exist to enable our courts to perform their judicial functions effectively. Id. at 399. 
Texas courts have recognized inherent powers in the following instances: to change, set
aside or otherwise control their judgments; to summon and compel the attendance of
witnesses; to regulate the admission and practice of law; and to provide personnel to aid the
court in the exercise of its judicial function. Id. at n.1 (and cases cited therein).
           The judicial branch of government possesses inherent power to require the legislative
and judicial branches


 to provide staffing and facilities for it to properly perform its judicial
functions. District Judges of the 188th Judicial District v. County Judge and Commissioners
Court for Gregg County, 657 S.W.2d 908, 909 (Tex.App.--Texarkana 1983, writ ref’d n.r.e.);
see also Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d 104, 110 (Tex. 1981)
(holding that courts have inherent power to hire and require salaries be paid to secretaries,
clerks, probation officers and assistants). Without this power, the judiciary, a separate and
co-equal branch of government, could be rendered impotent by the neglect or caprice of the
other branches. 188th Judicial District, 657 S.W.2d at 909. The inherent power to require
judicial staffing and adequate facilities is not unlimited. Id. The commissioners court has
the initial and primary responsibility to determine, through the exercise of its broad
discretion, when the necessities of a county require the building, repairing, remodeling and
enlarging of a courthouse. See Cosby, 712 S.W.2d at 248; McWilliams, 153 S.W. at 372. 
This legislative function, when properly performed, is protected from the scrutiny of the
judicial branch by the constitutionally-mandated separation of powers doctrine. See
Tex.Const. art. II, § 1. Further, sound public policy considerations demand that when the
judiciary seeks to use its inherent power to overcome the legislative prerogative, it must be
held to a high standard and must assume the burden of showing that the funds sought to be
compelled are essential for the holding of court, the efficient administration of justice, or the
performance of its constitutional and statutory duties. Id.
           We now consider whether the March 9, 2005 order is justified by the district court’s
inherent authority to require the Commissioners Court to provide the court with adequate
facilities. The March 9, 2005 order freezes more than $22 million in capital project funds
and orders that the funds cannot be expended without approval of the district court. Further,
the order effectively accuses the Commissioners Court of acting fraudulently, arbitrarily, and
in bad faith with regard to the expenditure of the certifications of obligation funds. Thus, the
order goes far beyond requiring the Commissioners Court to supply the district court with
adequate facilities.


 Further, the order indicates that Respondent intends to establish, through
an evidentiary hearing, whether the Commissioners Court’s failure to timely expend the
funds allocated for courthouse expansion has caused financial harm to El Paso County
taxpayers. The district court does not have inherent authority to prosecute this issue or make
this determination on behalf of the taxpayers. Because the district court’s jurisdiction under
Article V, Section 8 and Section 24.020 to exercise supervisory control over the
commissioners court was not properly invoked, and because the order is not a valid exercise
of the district court’s inherent authority, we conclude that the March 9, 2005 order is void.
Adequate Remedy by Appeal
           Respondent contends that mandamus relief is not available because the
Commissioners Court has an adequate remedy by appeal. The March 9, 2005 order is not a
final judgment nor is it an appealable interlocutory order. Appellate courts generally have
jurisdiction over final judgments and such interlocutory orders as the legislature deems
appealable. Tex.Civ.Prac. & Rem.Code Ann. § 51.012 (Vernon 1997) and § 51.014
(Vernon Supp. 2004-05); Ruiz v. Ruiz, 946 S.W.2d 123, 124 (Tex.App.--El Paso 1997, no
writ). Therefore, we conclude that mandamus relief is available because there is no adequate
remedy by appeal. Issues One and Two of the petition are sustained. We direct Respondent
to vacate the March 9, 2005 order and dismiss the attempted proceeding. The writ will issue
only if Respondent fails to comply with this opinion.
 
                                                                  RICHARD BARAJAS, Chief Justice
May 18, 2005

Before Panel No. 5
Barajas, C.J., McClure, and Parks, JJ.
Parks, J., sitting by assignment