W. B. WALL, FOR USE, &C., V. JOHN M. McCONNELL ET ALS.

(Case No. 2177.)

1. SUIT ON COUNTY TREASURER'S BOND—CONSENT OF COUNTY COMMISSIONERS' COURT NOT NECESSARY—ACTION IN NAME OF COUNTY JUDGE—A suit against a county treasurer and the sureties on his official bond, for the recovery of money belonging to the county, improperly retained by that officer as commissions, may be brought in the name of the county judge for the use of the county, without averment or proof that the suit was instituted by direction of the commissioners' court.

2. CUSTODIAN OF COUNTY FUNDS—COUNTY JUDGE—COUNTY TREASURER—A county judge has no authority to place money belonging to the county in the custody of any person other than the county treasurer. It may be that the commissioners' court or the county judge would have authority to have drafts which they hold for the county collected in such way as might seem to them most to its advantage, yet the county treasurer is the only person entitled to the custody of the money when collected.

3. COUNTY TREASURER—COMMISSIONS—A county treasurer is entitled to commissions on all county funds collected during his term of office, at the rate prescribed by the law in force at the time they were actually received, and he cannot be deprived of such commissions by the fact that the money was placed in the custody of some person other than himself.

4. CASE DISTINGUISHED—This case distinguished from that of Looscan v. Harris county, 58 Tex. 511.

APPEAL from Houston. Tried below before the Hon. A. M. Miller, special judge.

On April 20, 1885, appellant, in his capacity of county judge of Houston county, brought this suit, in the county court of that county, against John McConnell, the county treasurer, and John C. Wootters and John B. Smith, sureties on McConnell's official bond, to recover, for the use of the county, $256.25 retained by that officer as commissions in alleged excess of what he was entitled to charge under the law. The suit was, subsequently, on motion of appellees, based on the disqualification of the judge of the county court to try the case, transferred to the district court.

The petition alleged, amongst other things, that the commissioners'

court of Houston county, on May 15, 1883, made an order reducing the county treasurer's commissions to one and one-fourth per cent. for receiving, and the same rate for disbursing county funds, and that defendant, McConnell, had charged, in violation of the order, two and one-half per cent. commissions on $20,500, which came into his custody as treasurer, after the passage thereof, retaining in excess of his lawful commissions the amount claimed in the petition.

The defendants demurred to the plaintiff's petition, on the ground that it did not show on its face that the suit had been instituted by direction of the commissioners' court. They also pleaded the general denial, and, specially, that the moneys upon which the defendant McConnell is alleged in the petition to have wrongfully charged two and one-half per cent. commissions were the proceeds of Houston county bonds, sold prior to May 15, 1883, by the plaintiff, as county judge, and insurance money due the county for buildings destroyed by fire, which had, prior to May 15, 1883, been collected by the plaintiff for the county, but by him wrongfully withheld from the custody of the defendant, in order to deprive the latter of his lawful commissions thereon. From this statement and the facts set out in the opinion, the case will be understood.

The court overruled the defendant's demurrer, and, upon the trial of the cause, which was without a jury, rendered judgment in favor of the defendant. The plaintiff appealed.

*W. B. Wall* and *W. A. Davis*, for appellant, on the proposition that a county treasurer is entitled to such commissions as are prescribed by the law in force at the time he actually receives the county's money, and not to the commissions prescribed by the law in force at the time such money may have been collected by some other officer or agent of the county, cited: R. S., 2403.

That the commissioners' court is entitled to the sole management of funds raised by the sale of county bonds, for the purpose of erecting public buildings, they cited: Gen. Laws 17th Leg., pp. 5, 6; Crossland v. Cherokee County, 31 Tex. 141.

*Nunn & Denny*, for appellees, that a county treasurer is entitled to commissions on all county funds, from whatever source derived, and the county judge or the commissioners' court cannot deprive him of this right by placing such funds in the custody of other persons, cited: Beard v. City of Decatur, Tex. Law Rev., vol. 5, No. 17, p. 250.

That, to have maintained this suit, it was necessary to allege and prove that it had been instituted by the authority and direction of the

commissioners' court, they cited : Looscan v. Harris County, 58 Tex. 511.

STAYTON, ASSOCIATE JUSTICE.—This action was brought in the. name of W. P. Wall, county judge, for the use of Houston county, against its treasurer and the sureties on his official bond, to recover money which the treasurer claimed the right to retain as commissions on money received and disbursed by him. It is contended that the action cannot be sustained, for the reason that there is no averment or proof that the county commissioners' court directed the suit to be brought. This is practically a suit on the treasurer's bond, which the law requires to be made payable to the county judge. R. S., 988. The statute expressly provides that "suits may be commenced and prosecuted on such * * * bonds, * * * in the name of such county, or in the name of the person to whom they were made, for the use of the county, as fully and effectually as any person may or can sue on like notes, bills, contracts, covenants, agreements, or writings made to him." R. S., 682, 683.

The evidence shows that the claim set up by the treasurer was considered and disallowed by the county commissioners' court. We see no reason to doubt the right and power of the county judge to institute and maintain this action, without pleading or proving that he was directed to do so by the county commissioners' court. The case of Looscan v. Harris county, 58 Tex. 511, cited by the appellees, was very different from the present. In that case, the district attorney, in opposition to the wish of the county commissioners' court, brought an action affecting the financial affairs of the county, and it was held that he had no authority to do so.

On May 15, 1883, the county commissioners' court for Houston county fixed the compensation of the treasurer, which, prior to that time, had been two and one-half per cent., at one and one-quarter per cent. for receiving or disbursing moneys which came into his hands. The authority of the court so to fix the compensation is not questioned. R. S., 2403. Prior to that date the county commissioners' court had accepted bids for bonds, which it proposed to issue for the purpose of raising money to build a court house and jail. By the agreement so made with the persons who were to become the purchasers of the bonds, they were to be paid for in part before and in part after the date at which the compensation of the treasurer was reduced.

The part of the purchase money which was to be paid on the bonds, under the terms of sale, before May 15, 1883, was so paid, and went

into the hands of the treasurer, and, on that sum, he received the rate of compensation to which he was entitled at the time the money came into his hands; but this rate of compensation was denied to him for money received on the bonds after that date.

The bonds which were sold bore date April 16, 1883, and from that date bore interest, although by the terms of the agreement under which they were sold the purchase money was not actually paid or to be paid until a subsequent time. The county treasurer asserts a claim to two and a half per cent. commission on the sum for which the entire bonds sold, upon the ground that the money must be deemed to have been received by him at the time the bonds bear date and from which they bear interest. His theory for this is, that as under the law bonds could not legally be sold for less than "their face or par value," a sale of bonds to bear interest from a date anterior to the time they were actually paid for, was not a sale of bonds for their "face or par value," and therefore illegal, unless the money is to be deemed to have been paid into the treasury at the time the bonds bear date.

It may be, as between the county and holders of the bonds, with notice of the fact that they bear interest from a date anterior to the time they were actually issued and paid for, that interest for the intervening time could not be collected; but we cannot see in what respect the right of the county treasurer is to be effected by this matter. If the contracts under which the bonds were sold were illegal, it is not perceived on what principle the county treasurer can assert right under it to commissions on moneys from a time when the county, under the contracts, was not entitled to have it in the hands of its treasurer. If it be admitted that the county could not legally sell bonds as it did, a question which need not be considered in this case, it is certainly true that the purchasers of bonds were under no legal obligations to receive them and pay for them on terms other than such as they had made. The treasurer's right to commissions cannot stand on higher ground than would that of the county to the fund on which the commission is claimed.

The county had not received, and was not entitled to receive, the sum which was paid for the bonds after May 15, 1883, at any time prior to that date; and on what it had not received, and was not entitled to receive, before that date, its treasurer was not entitled to receive two and a half per cent. commission upon. In the transactions, out of which the treasurer's claim arises, the county officials seem to have acted with the utmost good faith, looking alone to the interest of the county; but, if this were not so, it would not help the

claim of the appellees, who show no legal right to what they claim.

The county had insurance on public buildings which were destroyed by fire, and drafts covering the amount of insurance came into the hands of the county judge in February or March, 1883. These drafts seem to have been placed in a bank for collection soon after they were received, under an agreement with the bank to collect them without charge, upon condition that the bank should have the use of the money to be collected, until such time as it should be needed in the construction of the court house and jail, towards the erection of which the county desired to use it. The money seems to have been collected by the bank, but the time of its collection does not appear.

That the county judge had no authority to place the money, which belonged to the county, in the custody of any person other than the county treasurer, is too clear. The law provides that county funds shall be deposited with the county treasurer, who, for the security of such funds, and for the faithful performance of his duties in reference thereto, is required to execute a bond. Deposits elsewhere are unauthorized, unsecured, and ought not to be made. It may be that the county commissioners' court, or the county judge, would have authority to have the drafts, which they held, collected in such a way as might seem most to the advantage of the county; but, when collected, the county treasurer was the only person entitled to the custody of such funds, under the facts shown in this case.

If the money was collected on the drafts, before May, 15, 1883, the county treasurer was entitled to commission on it, at the rate provided before that date, and of this he cannot be deprived by the fact that the money was placed in the custody of the bank. There seems to have been no intent to wrong the county treasurer; on the contrary, the county commissioners' court and the county judge seem to have been actuated by no other motive than the public good; but good intentions cannot take away legal rights.

The judgment of the court below will be reversed and the cause remanded, in order that inquiry may be made as to the time at which the money collected on the drafts given to cover amounts to which the county was entitled on insurance, was received, and that judgment may be there entered in accordance with this opinion. It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered February 2, 1886.]