STATE v. BRATTON et al. (No. 5695.)

(Court of Civil Appeals of Texas. Jan. 17, 1917. Rehearing Denied Feb. 14, 1917.)

1. DISTRICT AND PROSECUTING ATTORNEYS ⟺ 5(2)—COUNTY ATTORNEY—COLLECTION FEES.

Under Rev. St. 1911, art. 363, a county attorney is entitled to the commission therein specified for money collected by him in a suit against a county tax collector for shortage in his account with the state.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. § 20.]

2. DISTRICT AND PROSECUTING ATTORNEYS ⟺ 9—COUNTY ATTORNEY—REPRESENTATION OF STATE—POWER.

Under Rev. St. 1911, art. 366, providing that when a county attorney has knowledge that any officer in his county, intrusted with collection or safe-keeping of any public funds, is failing to discharge his duties, etc., he shall institute proceedings, etc., a county attorney has

authority to represent the state, and prosecute an action in its name for collection of a shortage of a county tax collector in his accounts with state, and article 4419, giving like authority to Attorney General, does not deprive him of this right.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. §§ 36, 37.]

3. DISTRICT AND PROSECUTING ATTORNEYS ⬅ 9—PROSECUTION OF CIVIL ACTIONS—IMPLIED REPEAL OF STATUTES.

Although Rev. St. 1911, art. 366, giving county attorney power to prosecute cases for collection of state funds misappropriated by county officers, was passed before article 4419, conferring like authority on Attorney General, but having no repealing clause, the former statute is not repealed by the latter, under the rule that, when statutes are in pari materia, they must be so construed that both may stand, if possible.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. §§ 36, 37.]

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by the State against C. W. Bratton and others. Judgment for defendants, and state appeals. Affirmed.

B. F. Looney, Atty. Gen., and C. A. Sweeton and G. B. Smedley, Asst. Attys. Gen., for the State. T. B. Bartlett and Oltorf & Oltorf, all of Marlin, for appellees.

GAINES, Special Judge. Prior to April 25, 1914, the commissioners' court of Falls county caused to be made an audit of the books and records of C. W. Bratton, at that time tax collector of Falls county. As a result of this audit, notice was officially brought to Frank Oltorf, at that time county attorney of Falls county, that said tax collector was short in his accounts to the state in various sums for the years 1910 to 1913, both inclusive, amounting to a total of $26,339.75. On April 25, 1914, the county attorney filed suit in the name of the state of Texas, in the district court of Falls county, against Bratton and his sureties for the above sum, and on the 15th day of February, 1915, judgment was rendered against said Bratton and his sureties for the above-named sum. On the same day the sureties of Bratton paid said sum to T. B. Bartlett, who had been elected and qualified as county attorney, and appeared in the case, and he issued his receipt for that amount. Subsequently T. B. Bartlett, as county attorney, paid into the treasury of the state of Texas all of said money, except $1,368.41, which he retained as his commission. The suit was begun in Falls county, without the knowledge or consent of the Attorney General, but he had actual knowledge of its pendency prior to the June term of the district court in 1914; and a short time before the rendition of the judgment Bratton and his sureties, as well as the county attorney, suggested his participation in the case. The Attorney General, however, in no way participated in the Falls county suit.

On January 13, 1915, the Attorney General instituted this suit in the district court of Travis county, in the name of the state of Texas, against the said Bratton and his sureties for the said sum of $26,339.75, and it was agreed in the court below that the suit in Falls county and this suit are based upon the same cause of action, and are substantially identical in all respects. Bratton and his sureties having answered by pleading the judgment and satisfaction thereof in the district court of Falls county, the state, through the Attorney General, filed an amended petition on June 11, 1915, following the original petition in so far as it affected Bratton and his sureties, but making T. B. Bartlett and the sureties on his bond parties defendant, and asking for a judgment against all of said defendants for the total shortage of the tax collector, on the ground that the suit in Falls county was alleged to be without lawful authority, and that the satisfaction of the judgment therein did not discharge any of the parties defendant. It was agreed, however, in the court below, that, inasmuch as the state had received all except the amount claimed by the county attorney as his commission, the same being $1,368.41, that sum only is in controversy in this suit. The court below rendered judgment that the state take nothing by its suit, and from this judgment the state has appealed.

[1, 2] By virtue of article 363 of the Revised Statutes of 1911, the county attorney is entitled to retain as his commission, on all moneys properly collected by him for the state, the sum of 10 per cent. on the first thousand, and 5 per cent. on the balance of any collection in any one case. The sum retained by the county attorney in this case is in accord with the percentage allowed by the above statute. Therefore the question in the case is: Did the county attorney of Falls county have the right and power to sue for and collect the money due the state of Texas by the tax collector and his sureties? The statutes bearing upon the question are articles 4419 and 366 of the Revised Statutes of 1911. Article 4419 reads as follows:

"He [the Attorney General] shall at least once a month inspect the accounts in the offices of the state treasurer and the comptroller of public accounts, of all officers, and of individuals charged with the collection or custody of funds belonging to the state, and shall proceed immediately to institute, or cause to be instituted, against any such officer or individual, who is in default or arrears, suit for the recovery of funds in his hands; and he shall also institute immediately criminal proceedings against all officers or persons who have violated the laws by misapplying, or retaining in their hands, funds belonging to the state."

Article 366 reads as follows:

"When it shall come to the knowledge of any district or county attorney that any officer in his district or county, intrusted with the collection or safe-keeping of any public funds, is in any manner whatsoever neglecting or abusing the trust confided in him, or is in any way fail-

ing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer, and to preserve and protect the public interests."

It seems to be conceded by both parties that the issue in the case involves a construction of the statutes above quoted, rather than of those sections of the Constitution prescribing the respective duties of the Attorney General and of the county attorney. We hold, however, that under section 21 of article 5 of the Constitution the Legislature could confer upon the county and district attorneys all the powers and duties imposed by article 366 of the Revised Statutes of 1911. Does article 366 confer upon county attorneys the authority to sue for and collect such money due the state as that involved in the Falls county suit?

In the case of Terrell v. Greene, 88 Tex. 539, 31 S. W. 631, the commissioners' court had employed private counsel to represent the county in a suit against the county treasurer and his sureties, for the recovery of funds lost through the failure of the City National Bank of Ft. Worth, where the treasurer had deposited the funds. The county attorney, being denied the right to represent the county by the district judge, sought, by an original proceeding for mandamus in the Supreme Court, to compel the district judge to recognize this right. After quoting article 260, now article 366, of the Revised Statutes, the Supreme Court says:

"This article not only confers the power, but imposes a duty, upon the county attorney to perform the acts therein specified. In substance, it requires the county attorney that, in case it shall come to his knowledge that any officer intrusted with the safe-keeping of any public funds is in any manner neglecting or abusing his trust, or failing to discharge his duties under the law, it shall be the duty of the county attorney to institute such proceedings as are necessary to preserve and protect the public interests. This language embraces every act which was required to be performed in order to preserve the funds of the county in this instance. The admitted facts show that Thomas B. Collins was the treasurer of Tarrant county, and by law was charged with the custody and safe-keeping of its funds; that he failed to discharge his duty in safely keeping and accounting for such funds; and upon these facts it became necessary that a suit should be filed in order to preserve and protect the public interests—that is, the money in his hands belonging to the county. It is difficult to make an argument to show that this plain language embraces the duty on the part of the county attorney to bring a suit for this purpose. It is clear, comprehensive, and unambiguous, and re-

quires no argument or reasoning to apply it to the facts of this case."

We regard this holding of our Supreme Court as settling the question that the county attorney has authority to institute suit and represent the state in precisely this character of case. It is true that in the above case the suit appears to have been in the name of the county, and was possibly for county funds only, while in the present case the suit is in the name of the state, and purports to be for state funds only; but the same statute and section of the Constitution that gave the county attorney authority to represent the county give him power to represent the state. In fact, the Constitution carries express power to represent the state, and the statute covers "any public funds."

[3] Article 366 was passed in 1876, whereas article 4419 was passed in 1879, and, being a later act covering apparently the same duties, the Attorney General contends that this amounted to a repeal of article 366. There is no repealing clause whatever in the act whereby article 4419 was enacted, and the law does not favor repeals by implication. There is no question that the duties growing out of the facts of this case are imposed upon the Attorney General by article 4419, and upon the county attorney by article 366; but it is also a well-established rule of construction that, when statutes are in pari materia, they must be read together, and so construed together that both may stand, if possible. The Legislature, in passing a later act, is presumed to have known of the former, and the absence of a repealing clause implies that a harmonious construction was intended. Applying this rule to the statutes under discussion, it should be held that the duty to institute suit under such facts as those of the present case is imposed upon either the Attorney General or the district or county attorneys, but not exclusively upon either. Moreover, such an application of the rule appears to accord with the history and intent of all legislation upon the subject, both statutory and constitutional.

The county attorney of Falls county having first entered upon and fully performed this duty, he had the right and the power so to do, and was therefore entitled to the statutory commission in such case provided. The judgment of the district court is affirmed.

Affirmed.

RICE, J., disqualified.