**BEXAR COUNTY v. DAVIS.  (No. 6413.)**

(Court of Civil Appeals of Texas.  San Antonio.  June 9, 1920.  Rehearing Denied June 29, 1920.)

**1. Pleading ⬅═111 — Plea in abatement for court, where no question of fact raised by pleadings.**

In action by county, through district attorney, a plea in abatement, denying the author-

ity of the district attorney to institute and prosecute the suit, where there was no question of fact arising under the pleadings to be determined by a jury, should have been decided directly by the court as a matter of law, and not by the verdict of the jury.

**2. District and prosecuting attorneys ⬅═9 — District attorney not authorized to sue county judge for money misappropriated from funds in keeping of county treasurer; "collection or safe-keeping of public funds."**

Rev. St. art. 366, authorizing district or county attorney to institute proceedings against any officer intrusted with the "collection or safe-keeping of any public funds," who is abusing the trust confided in him, *held* not to empower district attorney to bring action against county judge for money appropriated as salary from county funds in the keeping of the county treasurer; the county judge not being intrusted either with the keeping or the collection of such funds, and the proper proceeding in such case being against the treasurer, and not the county judge.

**3. District and prosecuting attorneys ⬅═9 — District attorney may sue county treasurer, without treasurer or commissioners' court directing the prosecution.**

Under Rev. St. art. 366, district attorney may bring an action against county treasurer to recover loss sustained by reason of payments made under. a statute which has been declared. void by the Supreme Court, regardless of whether the prosecution is directed by the treasurer, under articles 1505, 1506, or. the commissioners' court.

**4. Judges ⬅═3—County judge held not empowered to appoint deputies or assistants to himself.**

Under Rev. St. art. 3903, empowering county judge to appoint deputies or assistants to officers named in articles 3881–3886, and provide for their compensation out of excess fees, the county judge, though named in latter statutes, was not empowered to appoint deputies or assistants for himself and compensate them out of fees collected by him.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by the County of Bexar against J. R. Davis. From the judgment rendered, plaintiff appeals. Affirmed in part, and reformed in part.

D. A. McAskill and Geo. C. Altgelt, both of San Antonio, for appellant.

Boyle, Ezell ·& Grover and J. B. & W. M. Lewright, all of San Antonio, for appellee..

FLY, C. J. Appellant, through D. A. McAskill, district attorney, instituted suit against appellee for $13,958.31, which it was alleged that he had unlawfully appropriated as salary from funds belonging to appellant, and the sum of $1,242.87, claimed to have been

paid out by appellee for clerks. Appellee filed a plea in abatement, denying the authority of the district attorney to institute and prosecute the suit against him for the money described in the petition. The court instructed a verdict for appellee on the plea in abatement as to salary, and in favor of appellant for money used for clerk hire in the sum of $789.74.

[1] The plea in abatement presented a matter of law, and should have been decided directly by the court, and not through the verdict of a jury. There was no question of fact to be solved by a jury, and it had nothing to do with it. However, this court will indulge in the inference that the verdict would not have been instructed if the court had not determined that the district attorney had no power or authority to represent Bexar county in that part of the suit relating to the salary of appellee which was drawn from the treasury of the county on warrants given therefor. If the district attorney had no authority to bring the suit under the law, he had no authority to do so, because there was no allegation that the county treasurer or commissioners' court had ever authorized said suit to be instituted. It is clear that there was no question of fact arising under the pleadings to be determined by a jury. This view of the facts disposes of that part of the first assignment of error which claims that the charge was on the weight of the evidence. Appellant admitted that—

"Neither McAskill, Altgelt, nor Ward were authorized, empowered, or directed by the county commissioners' court of Bexar county, or by the county treasurer of said county, or any of them, to bring or prosecute the suit."

There was nothing to go to a jury, in connection with the authority of the district attorney to represent the county in that part of the suit for the salary withdrawn by the county judge from the county treasury, but that was a question of law for the court.

[2] If the district attorney had the authority to sue in the name of appellant for the salary drawn out of the county treasury by the county judge, it is derived by him from article 366, Revised Statutes of Texas, for there is no other law to which we can look for such authority. It is provided in that article:

"When it shall come to the knowledge of any district or county attorney that any officer in his district or county, intrusted with the collection or safe-keeping of any public funds, is in any manner whatsoever neglecting or abusing the trust confided in him, or is in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer, and to preserve and protect the public interests."

The parties against whom the suits are authorized in that article are clearly described as those, first, "intrusted with the collection" of any public funds, and, second, those intrusted with the "safe-keeping of any public funds." The allegations of the petition show that appellee, at the time he appropriated the different sums of money amounting in the aggregate to $13,958.31, was not "intrusted with the collection or safe-keeping of any public funds" out of which the salary was appropriated, but that the funds were in the keeping of the treasurer of the county, and, no matter by whom collected, had been placed in the hands of the treasurer for safe-keeping. There is no true process of reasoning by which the power to issue warrants on a fund, or to collect and appropriate the amounts named therein, make the commissioners' court, the county judge, or any other member of that court an officer "intrusted with the collection or safe-keeping of any public funds." Who collected the funds drawn and appropriated by appellee does not appear in the allegations, but it does appear that the funds were in the custody of the treasurer for safe-keeping. Even if the funds had been collected by the county judge, which they were not, he would not be responsible after they had been placed in the keeping of the legal custodian. Undoubtedly, if the funds were misapplied by the collector or the treasurer, the district or county attorney was authorized, and it was made the duty of one or both, to sue the officer making such misapplication. That is all that is held, in so far as applicable to this case, in the case of Terrell v. Greene, 88 Tex. 539, 31 S. W. 631, cited by appellant.

[3] If, as indicated by the facts, the treasurer of Bexar county paid out money belonging to the county under a statute declared to be void and unconstitutional by the Supreme Court (Altgelt v. Gutzeit, 201 S. W. 400); the treasurer might be liable, at least for payments made after such decision, unless he recovered it from the party to whom it was paid, by a suit for money unlawfully received. It is true that the treasurer is required to pay out the funds of the county "as the commissioners' court of his county may require and direct," but it must also be done "as required by law." The county treasurer is not only the sole custodian of the money of the county, but it is his duty to "direct prosecutions according to law for the recovery of all debts that may be due his county, and superintend the collection thereof." Articles 1505, 1506, Rev. Stats.; Wall v. McConnell, 65 Tex. 397. While this is true, we think article 366 gives full authority to institute suits under the circumstances named therein, whether the treasurer directs the prosecution or not, and whether the suit is directed by the commissioners' court or not. The county treasurer has the authority to direct prosecutions according to law for the recovery of debts due his county, but the

county and district attorneys have the authority conferred in article 366. The latter article refers to abuses of trusts by collectors and custodians of money belonging to public funds, and such suits might be against a treasurer, who would not be a proper person to direct the prosecution of suits for the recovery of debts that might be due by him. The trouble in this case is the suit for the salary was not brought by the district attorney against the collector or custodian of county money, the only persons he is empowered to sue. Looscan v. County of Harris, 58 Tex. 511. The record fails to disclose that any effort has been made to induce the county treasurer to institute suit for the money paid out under a void law, or that the commissioners' court, which could act through any three of the commissioners, has been asked to authorize a suit for the money that might be due the county. The presumption will prevail that proper action would have been taken, if the officers had been approached on the subject.

[4] Appellee paid out of fees collected by him the sum of $1,162 to different persons, called by him "clerk or assistant," which is sought to be justified on the ground that in article 3903, Revised Statutes, it is provided that whenever any officer named in articles 3881 to 3886 shall require the service of deputies or assistants in the performance of his duties, he shall apply to the county judge of his county for authority to appoint same, and the county judge is required to appoint the requisite number, and provision is made for their compensation out of excess fees. The county judge is mentioned in the articles referred to in article 3903, and it is contended that, as the county judge cannot apply to himself, he is entitled to deputies or assistants. We think, however, that from the very fact that the Legislature has required application to the county judge, and imposed upon him certain duties in determining whether deputies or assistants are needed, it was not intended that he should have the authority to appoint and pay deputies or assistants out of fees collected by him. If the Legislature had deemed it necessary for the county judge to have deputies or assistants, it could have provided that the commissioners' court or the district judge should pass on the question of allowing the appointment and pay of such deputies or assistants. The incongruity of having a "deputy county judge," or an "assistant county judge," was so apparent that appellee was disposed to call them "clerks," when he appointed them, rather than deputies. It is true that he called them "clerks or assistants" in his testimony, but in his sworn account made to the county they are called plain "clerks." There is no authority in the law for the appointment of such clerks, no matter what they might be called, and consequently no part of the fees collected by the judge could be appropriated to their pay.

The trial court allowed the county $789.74 out of $1,162, which appellee admitted he had paid, out of excess fees collected by him, to clerks, but how that sum was obtained is not known to this court. Out of the $1,162 excess fees paid to the clerks, appellee was entitled to 25 per cent., which would amount to $290.50, and that sum, being deducted from the sum of $1,162, would leave a balance of $871.50, which appellee should pay the county. The judgment as to salary is affirmed, but as to fees paid to the clerks will be here reformed, so as to be for $871.50, instead of $789.74, as rendered by the trial court. The costs of this appeal will be equally divided between appellant and appellee.

Affirmed in part, and reformed in part.