**J. R. PHILLIPS INV. CO. et al. v. ROAD DIST. NO. 18 OF LIMESTONE COUNTY et al.**

No. 2488.

Court of Civil Appeals of Texas. Waco.

April 29, 1943.

Rehearing Denied June 24, 1943.

L. W. Shepperd, Carl Cannon, Scott Reed, and F. B. Kimbell, all of Groesbeck, C. D. Jessup, Sr., of Houston, and Currie McCutcheon and Bruce Graham, both of Dallas, for appellants.

L. L. Geren, J. B. Engledow, Norton Fox, and Bradley & Bradley, all of Groesbeck, for appellees.

RICE, Chief Justice.

This suit was instituted in behalf of Road District No. 18 of Limestone County, The State of Texas and Limestone County, by L. L. Geren as County Attorney of Limestone County, and by four property-owning taxpayers of said Road District, the latter suing for and in behalf of themselves, all other taxpayers of Limestone County and of said Road District, and for the benefit of said Road District, against J. R. Phillips Investment Company, a corporation, J. R. Phillips, the Commissioners Court of Limestone County, the four Commissioners and the County Judge of said County in their official capacities; the County Treasurer, County Clerk, County Auditor, Lawyers Lloyds of Texas, and City National Bank of Mexia, Texas, County Depository.

The relief sought by plaintiffs was the recovery from J. R. Phillips Investment Company, a corporation, J. R. Phillips, The County Treasurer of Limestone County, Lawyers Lloyds of Texas, as surety on the County Treasurer's official bond, and City

National Bank of Mexia, jointly and severally, of the sum of $5,703.13 paid out of the interest and sinking fund account of Road District No. 18 to J. R. Phillips Investment Company by said County Depository on a warrant drawn by the County Clerk and countersigned by the County Auditor and by the County Treasurer, payable to J. R. Phillips Investment Company, which warrant was authorized by an allegedly void order of the Commissioners Court. Plaintiffs also prayed that the County Treasurer, County Auditor, County Clerk, and County Depository be enjoined from paying any additional sum to J. R. Phillips Investment Company or to J. R. Phillips under said order of the Commissioners Court, out of said interest and sinking fund account, or future delinquent tax collections of said Road District; and that the County Judge and Commissioners Court be enjoined from ordering any payment to be made to J. R. Phillips Investment Company or J. R. Phillips out of any funds of said County.

The trial was to the court without a jury. No findings of fact or conclusions of law were requested and none were filed. The plea in abatement of the City National Bank was sustained, and it was dismissed with its costs. Judgment was rendered that Road District No. 18 of Limestone County recover of J. R. Phillips Investment Company, J. R. Phillips, S. J. McCoslin, County Treasurer, and Lawyers Lloyds of Texas, jointly and severally, the sum of $5,703.13, together with interest thereon at six per cent per annum from June 13, 1941; the contract between the Commissioners Court and J. R. Phillips Investment Company, as well as the order of said Court passed pursuant thereto and ordering payment made thereunder, were each cancelled and declared void; the County Treasurer, County Clerk and County Auditor were permanently enjoined from paying any further sum to J. R. Phillips Investment Company or J. R. Phillips under said contract or order. The County Judge and members of the Commissioners Court of Limestone County were likewise enjoined from ordering any payment to be made to J. R. Phillips Investment Company, or to J. R. Phillips, under said contract or order, but of any funds of said county; it was further ordered that plaintiffs recover their costs of the defendants, and that all relief not specifically granted was denied. From this judgment the defendants have appealed.

The controlling facts of this case are not in dispute. Road District No. 18 of Limestone County is a road district created by a vote of the taxpayers of said district and by order of the Commissioners Court under Article III, Sec. 52, of the Constitution of this State, Vernon's Ann.St. The legal creation of this district was validated by Acts of the 39th Legislature, 1st Called Sess., S.B.No. 116, Chap. 410, Special Laws, p. 1175. After its creation the District issued its negotiable bonds in the aggregate sum of $100,000, for the purpose of constructing, maintaining and operating macadamized, graveled or paved roads and turnpikes, or in aid thereof. These bonds were negotiated and their validity is not here questioned. For the purpose of paying the interest on these bonds as it accrued and creating a sinking fund for their redemption at maturity, an annual ad valorem tax was levied and assessed on the real and personal property within the limits of said District, as provided in the original order creating the District and the validating act above referred to.

Thereafter, the County Judge and members of the Commissioners Court of Limestone County diligently endeavored to induce the Board of County and District Road Indebtedness of the State to recognize and declare that the bonded debt of said Road District No. 18 was eligible and entitled to participate in the County and Road District Highway Fund in accordance with the applicable provisions of Title 116, Revised Civil Statutes. Prior to the execution of the contract here attacked, the efforts of said officials proved fruitless.

The County Judge of Limestone County testified that in January, 1940, after his efforts above referred to had failed, he made a tentative oral agreement, subject to the approval of the Commissioners Court, with J. R. Phillips, President of and representing J. R. Phillips Investment Company, to assist the Commissioners Court in prosecuting the claim of Road District No. 18 against the Board of County and Road District Indebtedness and to pay said Company for its services twenty per cent of the amount of cash collected on said claim and of the bonds of said District assumed by the State, the compensation to be paid out of the interest and sinking fund of said Road District, with the exception of taxes to be paid for the year 1940, with the qualification that if such remuneration could not legally be paid out of that fund, a sim-

ilar amount would be paid out of the general fund; that the contract was later orally approved by the Commissioners Court in open court; that some services were performed under the contract by J. R. Phillips and thereafter, and at the instance of J. R. Phillips, the Commissioners Court orally agreed in open court that the compensation be raised from twenty per cent to twenty-five per cent. He further testified that this contract, at the request of J. R. Phillips, was not placed of record, and that no record was made thereof until the Commissioners Court, on June 11, 1941, passed and entered of record in the Minutes of said Court the order which is hereinafter set forth. The County Judge did, however, confirm the agreement by letter dated February 1, 1940, as follows:

"J. R. Phillips Investment Company,
   "P. O. Box 317,
   "Houston, Texas.
          "Attention: Mr. J. R. Phillips
"Gentlemen:
       "Re Claim of Road District #18,
          Limestone County, Texas.
   "Enclosed herewith I hand you copy of our file in the above mentioned claim, which is self-explanatory. This will also confirm our trade of a fee of twenty per cent on whatever you might recover for said Road District, it being agreed and understood that said fee is to be paid out of the Interest & Sinking Fund of said District."

The order of the Commissioners Court, entered of record in June, 1940, and above referred to, reads as follows:

"Whereas, at the February Term of the Commissioners Court in 1940, the Commissioners Court entered into a contract with J. R. Phillips Investment Company, of Houston, to assist the Court in prosecuting a claim for Road District No. 18, of Limestone County, Texas, against the Board of County and District Road Indebtedness; and

"Whereas, the said Commissioners Court on said date agreed in said contract to pay to the said J. R. Phillips Investment Company a sum equal to twenty-five per cent (25%) of the amount of cash collected and bonds assumed, said sum not to be paid out of the cash collected, if any, but to be paid out of the Interest and Sinking Fund of Road District No. 18, except that part of said Interest and Sinking Fund placed therein from 1940 taxes, and should there be a balance due said J. R. Phillips Invest-

ment Company, then in that event the remainder of said fee is to be paid out of the delinquent road taxes as collected in Road District No. 18; and it was further agreed in said contract that if there be not sufficient delinquent road taxes of said road district collected, to pay the said J. R. Phillips Investment Company said fee, then neither the county nor said Road District would be further liable; and

"Whereas, the said claim has been successfully prosecuted and the Board of County and District Road Indebtedness has reimbursed certain cash and assumed the bonded indebtedness against said district, it is ordered by the Court that the proper officials of Limestone County issue warrants to the said J. R. Phillips Investment Company in compliance with this order, on the Interest and Sinking Fund of Road District No. 18."

The County Judge testified that the foregoing order correctly recited the terms of the contract except there is omitted therefrom the stipulation that if the fee could not be legally paid out of the interest and sinking fund of said Road District, then an equal amount was to be paid out of the general fund. He further testified that the foregoing omitted stipulation was a verbal agreement and was not evidenced by any correspondence or memorandum.

J. R. Phillips did not testify; however, the County Judge testified fully as to the aid rendered and advice given by J. R. Phillips during the various negotiations with the State Highway Commission and the Board of County and District Road Indebtedness, which finally resulted in the payment to said District by the State of the sum of $21,806.40 and the entering of an order finding that the outstanding bonds of said District, aggregating in excess of $45,000, were eligible to participate in the County and Road District Highway fund. The County Judge also testified that at no time did Mr. Phillips appear before the Board of County and District Road Indebtedness, or before the State Highway Commission, or before the Attorney General's Department, in connection with any matter involved in the contract under attack, stating that Mr. Phillips thought it best that he should not appear.

Acting under the order of the Commissioners Court dated June 11, 1941, and hereinabove set forth, the County Clerk issued, and the County Auditor and County

Treasurer both countersigned a voucher dated June 13, 1941, payable to J. R. Phillips Investment Company in the sum of $5,703.13, out of the Interest and Sinking Fund of Road District No. 18, and drawn on the County Depository. This voucher was duly endorsed by the payee, J. R. Phillips Investment Company, and on presentation was paid out of the funds to the credit of the interest and sinking fund of said Road District. The source of this fund was taxes regularly levied, assessed and collected on property within said Road District for the purpose of paying the interest on its bonded debt and redeeming the same on maturity.

The County Treasurer testified that nothing was ever said to him about bringing this suit, and that it was never suggested to him that the money was improperly paid out of the sinking fund until the County Attorney informed him that suit would be instituted. He further testified that if he had been advised by the Attorney General or by a court ruling that it was his duty to do so he would have joined in the suit.

By their first group of points appellants say that the trial court erred in holding that the County Attorney was authorized to bring and prosecute this suit; and in further holding that plaintiffs' pleadings stated a cause of action against them.

It is true that plaintiffs' first amended original petition does in its opening sentence state that Road District No. 18 of Limestone County, Texas, The State of Texas and Limestone County, are plaintiffs. However, in the first numbered paragraph of said pleadings, it is stated: "Plaintiffs each appear and sue herein by and through L. L. Geren, the duly elected, qualified and acting County Attorney of Limestone County, Texas, and by and through W. S. Heatley, R. L. Curlee, W. R. Ramsey, and E. H. Hines, all of whom are resident citizens of Limestone County, Texas, and all of whom are property-owning taxpayers of said Road District No. 18, and all of whom are resident citizens of the territory embraced in said Road District No. 18 except E. H. Hines, who sue herein for and on behalf of themselves and all other taxpayers of Limestone County, Texas, and Road District No. 18, and for the benefit of and on behalf of the above named plaintiffs and especially for the benefit and on behalf of said Road District No. 18."

■ We overrule said assignments of error. The purpose of this suit was to cancel an illegal contract made by the Commissioners Court; to recover the money wrongfully paid thereunder; and to enjoin any further payment of county or road district funds under said contract. The allegations of plaintiffs' pleadings were full and specific, and, if found to be true, would entitle plaintiffs to the relief sought. Said pleadings specifically state that the suit was brought by the County Attorney under the authority conferred by Art. 339 of the Revised Civil Statutes of Texas, as well as under Arts. 836, 837, 839, 840, and 841 of said Statutes, and was also brought by said official as attorney for the taxpayers therein named and on their express authority. The petition charged that the County Treasurer, acting pursuant to a void order of the Commissioners Court, had illegally paid to J. R. Phillips Investment Company funds belonging to and a part of the interest and sinking fund of Road District No. 18, and that the County Treasurer had failed to comply, after notification by the State Comptroller of Public Accounts, with the provisions of Arts. 836, 837, 839, 840 and 841, of the Revised Civil Statutes of this State, and had failed to make, as thereby required, a report for the year 1941.

Article 339, Revised Statutes, reads as follows: "When it shall come to the knowledge of any district or county attorney that any officer in his district or county entrusted with the collection or safe keeping of any public funds is in any manner whatsoever neglecting or abusing the trust confided in him, or in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer and to preserve and protect the public interests."

Article 839 provides: "No city or county treasurer shall honor any draft upon the interest and sinking fund provided for any of the bonds of such city or county, nor pay out nor divert any of the same, except for the purpose of paying the interest on such bonds or for redeeming the same, or for investment in such securities as may be provided by law."

Article 840 provides: "Any treasurer who shall fail to make the reports provided for in the third article of this chapter, or who shall divert said fund or apply said fund for any other purpose than as permitted by the preceding article, shall be subject to a

penalty of not less than five hundred nor more than one thousand dollars, to be recovered by the State, and in addition thereto, shall be liable for the amount of such fund so diverted."

Article 841 provides: "The Comptroller, whenever the reports of any treasurer show that he has diverted said funds, or when he shall fail to make such reports, shall notify the Attorney General or the district attorney of the district in which such treasurer resides, or county attorney in counties in which there is no district attorney provided for by law, of the fact, who shall thereupon institute suit against such treasurer and his official bondsmen for the amount of such penalty and of said fund so diverted. The amount of such penalty so recovered shall be paid into the State Treasury, and the amount of the diverted fund so recovered shall be paid into the county or city treasury to the credit of the fund from which it was so diverted."

Article III, Section 52, of the Constitution of this State provides for the creation of road districts and the issuance of the bonds thereof for the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof; and further provides that there shall be levied and collected taxes to pay the interest thereon and provide a sinking fund for the redemption thereof on maturity.

■ The order of the Commissioners Court dated June 11, 1941, was attacked by plaintiffs as being illegal and void because violative (among other grounds) of the statutory and constitutional provisions above referred to. In our opinion, the invalidity of this order appeared upon the face of the record in that it purported to order the payment of a fee for services performed from the sinking fund of said road district, in violation not only of the order and special law creating said Road District but of the applicable provisions of our Constitution and of the general laws of this State.

■ The Constitution, Section 8, Article 5, as well as Articles 1908 and 1909 of the Revised Civil Statutes, give the District Court general supervisory control over the Commissioners Court. It has been held that the supervisory control of the District Court may be exercised through its equitable jurisdiction. Burgeois v. Mills, 60 Tex. 76; McIntire v. Lucker, 77 Tex. 259, 13 S.W. 1027. When the equity powers of the District Court of Limestone County were invoked in this cause to prevent, by injunction, the Commissioners Court and other officers of said county from illegally paying out funds of Road District No. 18 and of the county under a contract and order of said court alleged to be void, and for a purpose allegedly illegal, the same was a direct attack upon such proceeding, rather than a collateral attack. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Haverbekken v. Hale, 109 Tex. 106, 204 S.W. 1162.

■ We think that there is ample authority for the bringing of this proceeding by the named taxpaying citizens of Road District No. 18 for themselves and on behalf of said Road District and the taxpayers thereof, to have the order of the Commissioners Court, dated June 11, 1941, and the contract entered into by it with J. R. Phillips Investment Company, declared illegal and void, and for an injunction restraining the officials of said county from paying out thereunder any funds of said Road District or County. Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363; Kirby v. Transcontinental Oil Co., Tex.Civ.App., 33 S.W.2d 472 (writ ref.); Spears v. City of South Houston, Tex.Civ.App., 137 S.W. 2d 197; Id., 136 Tex. 218, 150 S.W.2d 74; Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94; Oden v. Barbee, 103 Tex. 449, 129 S.W. 602; Adams v. Stephens County, Tex.Civ. App., 41 S.W.2d 989; Haverbekken v. Hale, County Judge, 109 Tex. 106, 204 S.W. 1162; King v. Falls County, Tex.Civ.App., 42 S.W.2d 481; Harris County v. Bassett, Tex.Civ.App., 139 S.W.2d 180; Art. V, Sec. 8, Constitution of Texas.

■ We are also of the opinion that the County Attorney of Limestone County was expressly authorized by the provisions of Articles 339 and 841, Revised Civil Statutes, to bring the suit for the recovery of the money illegally paid to J. R. Phillips Investment Company and to have the contract entered into between said corporation and the Commissioners Court, as well as the order of said Court, made pursuant thereto June 11, 1941, adjudicated as void. See State v. Stickle, Tex.Civ.App., 11 S.W. 2d 837; Bexar County v. Davis, Tex.Civ. App., 223 S.W. 558; State v. Bratton, Tex. Civ.App., 192 S.W. 814 (writ ref.); Terrell v. Greene, 88 Tex. 539, 31 S.W. 631.

■ Appellants have grouped their points numbered from 9 to 214, inclusive, and thereunder assert that the judg-

ment rendered by the trial court in this cause finds no support in the evidence and does not comply with Rule No. 306, Texas Rules of Civil Procedure. We overrule both propositions. In reference to appellants' contention that the trial court did not comply with Rule 306, it is true that the judgment does not recite the several findings upon which the judgment of the court is based. However, it does not appear that this matter was called to the attention of the trial court, nor was there any request made of the trial court that he file findings of fact or conclusions of law.

We next discuss appellants' proposition that the judgment of the trial court is not supported by the evidence. Plaintiffs' pleadings when analyzed present five independent grounds of recovery, to-wit: (1) The payment of the sum of $5,703.13 was illegal because said sum was paid from the interest and sinking fund of Road District No. 18. (2) The contract made by the Commissioners Court with J. R. Phillips Investment Company was in substance and effect a contract by said corporation to practice law, and was therefore illegal and void because prohibited by the terms of Article 430a of the Penal Code of this State, Vernon's Annotated. (3) The contract of J. R. Phillips Investment Company was ultra vires. (4) Said contract of employment provided for the payment of a fee which was unreasonable and excessive. (5) The contract of employment of J. R. Phillips Investment Company was not placed of record nor made public but was kept a secret to evade an injunction.

If the record in this case is sufficient to sustain both numbers one and two of plaintiffs' pleaded independent grounds of recovery above set forth, then the judgment of the trial court should be affirmed.

■■ We are of the opinion that the payment made to J. R. Phillips Investment Company from the interest and sinking fund of Road District No. 18, raised by taxes levied and assessed against the property of said District for the sole purpose of paying the interest on its bonded debt and creating a sinking fund for the purpose of redeeming said bonds at maturity, was clearly invalid. Art. III, Sec. 53, Art. XI, Sec. 6, Constitution of Texas; Arts. 839 and 840, Revised Civil Statutes; City of Austin v. Cahill, Tex.Civ.App., 88 S.W. 536; Id., 99 Tex. 172, 88 S.W. 542; City of Sherman v. Williams, 84 Tex. 421, 19 S.W. 606, 31 Am.St.Rep. 66; City of Bonham

v. Taylor, 81 Tex. 59, 16 S.W. 555; Fazende v. City of Houston, C.C., 34 F. 95 (writ of error denied by Sup.Ct. 140 U.S. 689, 11 S.Ct. 1024, 35 L.Ed. 604). It is admitted that at the time the illegal payment was made from this interest and sinking fund account to J. R. Phillips Investment Company, there were outstanding and unpaid a total of approximately $45,000 of the bonds of said Road District. These bonds were a direct obligation of the Road District. It is no reply to say, as appellants do, that these bonds had been found to be 100% eligible to participation in the County and Road District Highway Fund of this State. Article 6674q—8 of the Vernon's Annotated Revised Civil Statutes of this State expressly provides that such finding of eligibility for participation in such fund shall not relieve the Road District of its liability for its bonded debt, but such District shall remain liable therefor until said indebtedness has been paid. In our opinion, the plain terms of the provisions of the State Constitution, the articles of our Statutes, and the adjudicated cases hereinabove cited, are mandatory and require that the interest and sinking fund of the district shall remain inviolate, and shall be devoted solely to the payment of the interest on and the principal of its bonded debt until said bonds are paid in full.

Section 1 of Article 430a of the Penal Code declares it to be unlawful for a corporation to practice law. Section 2 of said article defines the term "practice of law", and includes therein the performing of any act in a representative capacity in connection with proceedings pending or prospective before a body, board, committee or commission constituted by law and having authority to take evidence in or settle or determine controversies in the exercise of the judicial power of the state, or subdivisions thereof. Also included in the above definition is one who does any act in a representative capacity in behalf of another, for a consideration, tending to obtain or secure for such other the prevention or the redress of a wrong or the enforcement or establishment of a right.

Article 6674q—7 provides that it shall be the duty of the Board of County and District Road Indebtedness to ascertain and determine the amount of indebtedness eligible to participate in the moneys coming into the County and Road District Highway fund. It further provides that the determination of said Board shall be final

and conclusive and shall not be subject to review by any other tribunal.

Section 7 of said Article 430a, Penal Code, expressly provides that any agreement of any corporation in violation of said Act shall be illegal, and such corporation shall not be able to recover for any services rendered in violation of said Act, either on the contract or a quasi-contractual obligation.

As stated above, J. R. Phillips, president of J. R. Phillips Investment Company, did not take the witness stand. The letter from the County Judge to said corporation, which is hereinabove quoted in full, and which confirmed the agreement between the Commissioners Court and said corporation, refers to the remuneration to be paid as a "fee". The order of the Commissioners Court ordering payment to be made to the corporation recites that by the terms of the contract of said Court with the corporation, the latter would "assist the Court in prosecuting a claim of Road District No. 18 of Limestone County, Texas, against the Board of County and District Road Indebtedness." Said order further recites: "Said claim has been successfully prosecuted."

J. R. Phillips prepared a letter for the County Judge to send to the State Highway Commission in reference to the claim of Road District No. 18. In a letter to the County Judge dated July 9, 1940, Phillips stated that he would contact Charley (Lockhart), State Treasurer, and Mr. Sheppard (State Comptroller), both members of the Board of County and District Road Indebtedness, over long distance. In this letter he stated he was afraid Mr. Sheppard would require a nunc pro tunc order, and that "if this is necessary we should get favorable consideration from Mr. Hines and I am reasonably sure I can arrange for someone to discuss the matter with Mr. Bobbitt." The County Judge testified that "practically every time I was in Austin, Mr. Phillips met me there and he advised and consulted with us just what to do."

█ Without further discussion, we are of the opinion that the evidence adduced was sufficient to support the implied finding of the trial judge that J. R. Phillips Investment Company, a corporation, in rendering the service required of it under its contract with the Commissioners Court of Limestone County, did practice law as defined by Section 2 of Article 430a, Penal Code of this state. This being true, it necessarily follows that the contract between the Commissioners Court and said corporation, being in violation of law, is void. It also follows, because of Section 7 of said Article, that said corporation has no right of recovery against Road District No. 18, Limestone County, on any theory of law or equity, notwithstanding that it may have fulfilled its contract and have rendered valuable services to said Road District. Therefore, the trial court was justified in granting the injunction prayed for by plaintiffs, prohibiting the officers of Limestone County from making any further payment under said contract to said corporation. Article 430a, Penal Code; Hughes v. Fort Worth Nat. Bank, Tex.Civ.App., 164 S.W.2d 231 (writ ref.).

Lawyers Lloyds of Texas pleaded that it was surety on the official bond of the County Treasurer, and prayed that in the event it be cast in judgment in recover over as against said County Treasurer and J. R. Phillips Investment Company any amount that it might be required to pay under the judgment of the court. Likewise, the County Treasurer, based on appropriate pleading, prayed that in the event plaintiffs recovered as against him, that he have judgment against J. R. Phillips Investment Company for any amount that he might be forced to pay under the judgment of the court. The trial court denied this relief to said defendants, and in so doing was in error.

█ The judgment of the trial court in favor of plaintiffs and against the defendants is in all things affirmed. The judgment of the trial court denying the relief prayed for by Lawyers Lloyds of Texas as against S. J. McCoslin and J. R. Phillips Investment Company, and denying the relief prayed for by S. J. McCoslin against J. R. Phillips Investment Company, is reversed, and judgment is here rendered that Lawyers Lloyds of Texas do have and recover over against S. J. McCoslin and J. R. Phillips Investment Company, jointly and severally, any amount that it may be forced to pay under the judgment of the trial court; and that likewise S. J. McCoslin do have and recover over against J. R. Phillips Investment Company any sum that he may be forced to pay under the judgment of the trial court.