

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 21, 1950

Hon. Andrew P. Johnson
County Attorney
Dimmit County
Carrizo Springs, Texas

Opinion No. V-1093.

Re: The right of a County
Attorney who is com-
pensated on a salary
basis also to retain a
commission on money
collected for the Coun-
ty.

Dear Sir:

Your recent request for our opinion is in part as follows:

"Upon investigation it was found that a former Commissioner of Precinct Number 4, Dimmit County, Texas, had appropriated to his own use funds belonging to Dimmit County in the amount of $6,203.20. The Commissioners' Court of Dimmit County instructed the County Attorney of Dimmit County to make collection from the Commissioner and allow him a small amount of salary due to him. On June 5, 1950, the Commissioners' Court of Dimmit County met in special session and entered the following order in the minutes. 'The Court instructed the County Attorney to make collection from the Commissioner for the amount due the County within nine-ty (90) days; in the event this amount was not paid to Dimmit County within the speci-fied time, Mr. Johnson was further instruct-ed by the Court to file suit.' Volume 6, page 263. Commissioners' Court Minutes, Dim-mit County, Texas.

"Through the efforts of the County At-torney of Dimmit County, the funds due to the county have been collected and placed in trust ready for delivery to Dimmit Coun-ty.

"The County Attorney of Dimmit County is compensated on a salary basis."

In connection with the above facts, you ask:

"Where a county attorney is compensated on a salary basis is he entitled to receive the commission on funds collected by him for the county as provided for by law?"

Article 335, V.C.S., provides:

"Whenever a district or county attorney has collected money for the State or for any county, he shall within thirty days after receiving the same, pay it into the treasury of the State or of the county in which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law. Such district or county attorney shall be entitled to ten per cent commissions on the first thousand dollars collected by him in any one case for the State or county from any individual or company, and five per cent on all sums over one thousand dollars, to be retained out of the money when collected, and he shall also be entitled to retain the same commissions on all collections made for the State or for any county. This article shall also apply to money realized for the State under the escheat law."

Article 339, V.C.S., provides:

"When it shall come to the knowledge of any district or county attorney that any officer in his district or county entrusted with the collection or safe keeping of any public funds is in any manner whatsoever neglecting or abusing the trust confided in him, or in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer and to preserve and protect the public interests."

It was held in Bexar County v. Davis, 223 S.W. 558 (Tex.Civ.App. 1920, error ref.) that no member of the Commissioners' Court is such an officer as is "entrusted with the collection or safe keeping of any public funds" and that Article 339 does not empower the District or County Attorney to bring an action against such an official.

We fail to find any statute making it the duty of the County Attorney to file suit in such an instance as submitted by you.

In Attorney General's Opinion No. 0-5306, dated May 22, 1943, we quoted with approval from a conference opinion of this department dated April 6, 1921, as follows:

"... There is no constitutional or statutory provision making it your duty to bring such a suit. That being true, you, as county attorney, are not entitled to any commissions under Article 363 (now Art.335). The commissions therein provided for are for services rendered in the collection of money by the county attorney in the performance of duty required of him by law. The county attorney is not entitled to the commissions provided by Article 363 (now Art. 335) upon moneys which the law does not require him to collect. A county officer claiming compensation or fees must be able to show not only that the services were performed for the duty as such, but also a statute or constitutional provision authorizing compensation for the particular services in question." (Emphasis added.)

Therefore, since there is no duty imposed upon the County Attorney to bring such a suit, it is our opinion that he is not entitled to receive a commission under Article 335.

In Attorney General's Opinion No. 0-3656, dated June 15, 1941, however, it is stated:

"It is our further opinion that it is not the duty of the County Attorney to represent the County in any civil case unless expressly made so by statute. If the above mentioned services were performed in the absence of a contract between the County Attorney and Commissioners' Court, but upon the request of said Court, the County Attorney is entitled to reasonable compensation on a quantum meruit basis."

## SUMMARY

The County Attorney is not entitled to the commission provided for in Article 335, V.C.S., on money collected from a county commissioner and his bondsmen even though the Commissioners' Court authorized him to bring suit for its collection. Bexar County v. Davis, 223 S.W. 558 (Tex.Civ.App. 1920, error ref.); A.G. Opinion No. 0-5306 (1943). The County Attorney is entitled to a reasonable compensation on a quantum meruit basis. A.G. Opinion No. 0-3656 (1941).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Bruce Allen
  Bruce Allen
   Assistant