

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 7, 1961

Mr. R. L. (Bob) Lattimore
Criminal District Attorney
Edinburg, Texas

Opinion No. WW-1084

Re: Whether certain
moneys which have
been placed in the
interest and sinking
fund may be used for
construction of addi-
tional projects in the
road district in ques-
tion.

Dear Mr. Lattimore:

In your letter requesting an opinion of this office,
you state that Road District No. 11 of Hidalgo County has voted,
issued and sold certain road bonds and that when the pro-
jects under construction were substantially completed it be-
came apparent that the cost of the projects which had been
begun would run some $200,000.00 less than had been antici-
pated. You further state that in October, 1960, the Commis-
sioners' Court of Hidalgo County approved the transfer of some
$174,000.00 of these surplus funds to the interest and sinking
fund which had been established to service the outstanding
bonds mentioned above. You have asked the following questions:

> "No. 1.    In view of the actions reflected
> by the minutes of the Commissioners Court,
> may the Commissioners Court legally use
> such surplus funds for construction of
> additional projects within Road District
> No. 11?
>
> "No. 2.    In the event that it is permissible
> to use surplus funds for construction of ad-
> ditional projects under these circumstances,
> is it permissible at this point to transfer
> money which has previously been transferred
> to Interest and Sinking Fund back to the
> Bond Fund for construction of these addi-
> tional projects?"

You have also asked if the answers to the above questions would be different if all of the roads in question were access roads and the City of Mercedes were to dedicate these roads and turn them over to the County as County roads.

The road bonds which you have referred to are "Hidalgo County Road District No. 11 Road Bonds, Series 1959." These bonds were issued under the authority of Section 52 of Article III, Constitution of Texas, and Articles 752a, et seq., Vernon's Civil Statutes.

It is settled law that moneys in a sinking fund may be used for no other purpose than the one for which it was created. Bexar County Hospital District v. Jack B. Crosby, 327 S.W.2d 445 (Tex.Sup.Ct. 1959), 30-A Tex.Jur. 700.

Article 839 of Vernon's Civil Statutes provides: "No city or county treasurer shall honor any draft upon the interest and sinking fund provided for any of the bonds of such city or county, nor pay out nor divert any of the same, except for the purpose of paying the interest on such bonds or for redeeming the same, or for investment in such securities as may be provided by law." This article has been held to be mandatory. J. R. Phillips Inv. Co. v. Road District No.18 of Limestone County, 172 S.W.2d 707 (Civ.App. 1943, error ref.).

Since Article 839, supra, and the cited cases make it clear that moneys in the interest and sinking fund may be used only for the purpose of paying the interest on such bonds, or redeeming the same, or for investment in securities as may be provided by law, your questions must be answered in the negative. However, when all principal of and interest on the bonds are fully paid, then surplus moneys in the sinking fund may be used for the purposes authorized by Article 752a, supra.

## SUMMARY

The moneys in the interest and sinking fund may not be used for additional projects since such moneys may be used only

for the purpose of paying the interest
on such bonds, or redeeming the same, or
for investment in securities as may be
provided by law. However, when all
principal of and interest on the bonds
are fully paid, then surplus moneys in
the sinking fund may be used for the
purposes authorized by Article 752a,
Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By      Robert T. Lewis
        Assistant

RTL-s

cc: Mr. Robert B. McLeaish, Jr.
    Edinburg, Texas

APPROVED:

OPINION COMMITTEE:
Howard W. Mays, Chairman

W. E. Allen
Robert Rowland
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt